In the Matter of the Accounting of JAMES S. MENG, as Executor of HENRY BISCHOFF, Deceased, Respondent and Appellant.

ELIZABETH BISCHOFF, Appellant and Respondent; MORGAN J. O'BRIEN, JR., as Special Guardian, Respondent.

**Attorney and client — contingent fee — contract between attorney and client valid in absence of fraud — such contract, however, between attorney and executor for prosecuting action for death subject to review by court — distribution of recovery in action under the statute — meaning of term " children " in section 1903 of Code of Civil Procedure.**

1. A contingent fee contract made between client and attorney on retaining the latter is, in the absence of legal fraud, valid. But when the contract is between the executor or administrator under section 1902 of the Code of Civil Procedure and an attorney, for the purpose of prosecuting or maintaining an action under the section, the law imposes the additional condition that as to the damages received, or as to the beneficiaries, the contract is subject to the power of the court to determine the reasonable or suitable compensation or expenditure to the attorney which may be deducted from the recovery. The contract, as a matter of law, through implication, includes that rule of law.

2. The word " children " is always considered to have been used in its primary sense, and to exclude grandchildren, unless there be something in the document in which it occurs, whether statute, will or contract, which requires a different construction.

3. Section 1903 of the Code of Civil Procedure has since the amendment of 1911 contained the provisions: " The damages recovered in an action, brought as prescribed in the last section, * * * are exclusively for the benefit of the decedent's husband or wife, and next of kin; and, when they are collected, they must be distributed by the plaintiff, * * * as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration; subject, however, to the following provisions, to wit: 1. In case the decedent shall have left him surviving a wife or husband, but no children, the damages recovered shall be for the sole benefit of such wife or husband." *Held*, that the word " children " as used in the section does not include grandchildren and that where a decedent left a widow and grandchildren and no children, the damages recovered

in such an action go to the widow and that the amendment of 1911 does not contravene the provisions of section 18, article 1 of the Constitution which interdicts the abrogation of the right of action then existing to prosecute with effect an action to recover damages for injuries resulting in death.

*Matter of Meng*, 188 App. Div. 69, reversed.

(Argued October 7, 1919; decided November 25, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 20, 1919, which affirmed a decree of the New York County Surrogate's Court settling the accounts of the executor of Henry Bischoff, deceased, of a fund recovered as damages for negligence causing the death of the testator.

The facts, so far as material, are stated in the opinion.

*Francis M. Scott* for Elizabeth Bischoff, appellant and respondent. The appellant, Elizabeth Bischoff, widow of the decedent, is entitled to receive the whole amount recovered, less the deduction authorized by statute. (*Matter of Brennan*, 160 App. Div. 401; *Matter of Truslow*, 140 N. Y. 600; *Low* v. *Harmony*, 72 N. Y. 408; *Palmer* v. *Horn*, 84 N. Y. 520; *Patchen* v. *Patchen*, 121 N. Y. 432; *Train* v. *Davis*, 49 Misc. Rep. 162; *Prowitt* v. *Rodman*, 37 N. Y. 42; *Matter of Paton*, 111 N. Y. 480; *Pfender* v. *Depew*, 136 App. Div. 631; *Beebe* v. *Estabrook*, 79 N. Y. 246; *Matter of Pulis*, 220 N. Y. 196.) The counsel fee allowed to the executor's attorneys by the surrogate and approved by the Appellate Division was ample and should not be increased. (Code Civ. Pro. § 1903; *Lee* v. *Van Voorhis*, 78 Hun, 575; 145 N. Y. 603; *Murray* v. *Waring H. Mfg. Co.*, 142 App. Div. 514; *Matter of Friedman*, 136 App. Div. 750.)

*Samuel Seabury, Albert Massey* and *Charles Trosk* for James S. Meng, as executor, respondent and appellant. If the word " children " in the 1911 amendment to section

1903 of the Code was correctly construed by the Appellate Division as excluding grandchildren, then that court correctly held the amendment to be unconstitutional and void because violative of section 18 of article 1 of the State Constitution. (*Hamilton* v. *Erie R. R. Co.*, 219 N. Y. 343; *Cohen* v. *L. I. R. R. Co.*, 154 App. Div. 603; *Drake* v. *Gilmore*, 52 N. Y. 389; *Matter of Connor*, 222 N. Y. 653; *Quinn* v. *Moore*, 15 N. Y. 432; *Oldfield* v. *N. Y. & H. R. R. Co.*, 14 N. Y. 316; *Tilley* v. *H. R. R. Co.*, 24 N. Y. 474; *Murphy* v. *N. Y. C. & H. R. R. R. Co.*, 88 N. Y. 445; *Hegerich* v. *Keddie*, 99 N. Y. 267; *Stuber* v. *McEntee*, 142 N. Y. 200; *Tipp* v. *Otis Brothers & Co.*, 161 N. Y. 562.)　There being no evidence to support any finding, whether of fact or law, that the contingent fee contract was unreasonable or unfair; but, on the contrary, the only evidence on the issue affirmatively establishing, as it does, that the contract was both fair and reasonable under the circumstances, the order appealed from, in so far as it affirms the decree of the surrogate, should be reversed and the decree modified so as to embody the allowance to the executor of the credit claimed in his account for the payment made by him to his attorneys under the said contingent fee contract. (*Lee* v. *Van Voorhis*, 78 Hun, 575; 145 N. Y. 603; *Matter of Atterbury*, 222 N. Y. 355; *Murray* v. *Waring Hat Mfg. Co.*, 142 App. Div. 514; *Matter of Weber*, 102 Misc. Rep. 635; *Matter of Summerville*, 145 App. Div. 931; *Matter of Reich*, 170 App. Div. 912; *United States* v. *Telephone Co.*, 167 U. S. 224; *Matter of Watson*, 101 App. Div. 550; *U. S.* v. *Union Pacific R. R. Co.*, 91 U. S. 72; *Hyde* v. *Equitable L. Assur. Socy.*, 61 Misc. Rep. 518, 526.) Assuming, but not conceding, that it was not error to receive proof of the reasonable value of the services rendered, and that the evidence may be considered such as would support a finding that the sum paid the attorneys was more than their reasonable value, such a finding would not furnish ground for surcharg-

ing the account, because before it can be surcharged it must appear that the amount paid is so out of all proportion to the true value of the services rendered that no reasonable man could help but conclude that it was grossly excessive and greatly beyond what an ordinary diligent and prudent trustee, acting in good faith, would have paid under similar circumstances. Not only is there no such finding, but there is no evidence upon which such a finding could have been based. (*Matter of Snedeker*, 95 App. Div. 149; *Matter of Watson*, 101 App. Div. 550; *Purdy* v. *Lynch*, 145 N. Y. 462.) The decision of the Appellate Division in this case is unsound in principle and is in utter disregard of the law. (*Lee* v. *Van Voorhis*, 78 Hun, 575; 145 N. Y. 603; *Matter of Atterbury*, 222 N. Y. 355; *Matter of Weber*, 102 Misc. Rep. 635; *Reed* v. *McCord*, 160 N. Y. 330.)

*Morgan J. O'Brien, Jr.*, special guardian. If section 1903 of the Code of Civil Procedure as amended in 1911 is to be construed as excluding grandchildren, then that section is unconstitutional because it violates section 18, article 1 of the Constitution of this State. (*O'Reilly* v. *Utah, etc., Stage Co.*, 87 Hun, 406; *Sherrill* v. *O'Brien*, 188 N. Y. 185; *People* v. *Mosher*, 163 N. Y. 32; *Matter of Tuthill*, 163 N. Y. 133; *Matter of Burns*, 155 N. Y. 23; *People* v. *O'Brien*, 111 N. Y. 1; *Haverstraw* v. *Eckerson*, 124 App. Div. 18; 192 N. Y. 51; *Gautier* v. *Ditman*, 204 N. Y. 20; *Rosin* v. *Lidgerwood Mfg. Co.*, 89 App. Div. 245; *Ives* v. *S. B. Ry. Co.*, 201 N. Y. 271; *Quin* v. *Moore*, 15 N. Y. 432.) Irrespective of the question of constitutionality of the act under consideration, the grandchildren of the deceased are entitled to share in the distribution of the fund. (*Prowitt* v. *Rodman*, 37 N. Y. 42; *Matter of Paton*, 111 N. Y. 486; *Pfender* v. *Depew*, 136 N. Y. 639; *Beebe* v. *Eastabrook*, 79 N. Y. 246; *Earl of Tyrone* v. *Marquis of Waterford*, 1 De Gex, F. & J. 637.) The contingent fee contract entered into between

the executor and his attorney for thirty-three and one-third per cent of the recovery was unreasonable and unjust and is not binding upon the infant grandchildren, and the surrogate was, therefore, correct in holding that the executor should be surcharged $11,211.45, together with interest, being the difference between the amount paid by the executor to his attorney and the amount of the reasonable value of the attorney's services fixed by the surrogate. (*Cole* v. *Superior Court*, 49 Am. Rep. 78; *Lee* v. *Van Voorhis*, 145 N. Y. 603; *Murray* v. *W. H. Mfg. Co.*, 142 App. Div. 514; *Matter of Friedman*, 136 App. Div. 750.)

*Earl D. Deremer* for Annie L. Meng, respondent.

COLLIN, J.    This proceeding was an accounting in the Surrogate's Court of New York county by James S. Meng, as executor of the last will and testament of Henry Bischoff, deceased.    It was instituted  December 22, 1915, by the filing of the petition and account of the executor, under section 2720 of the Code of Civil Procedure.    The estate involved was the sum of $82,036.70, the avails of a judgment recovered, under sections 1902–1905 of the Code of Civil Procedure, as damages for negligence causing the death of the testator.    The avails were paid to the executor December 2, 1915.    The decree of the surrogate surcharged the account in the sum of $11,211.45, and directed a distribution of the distributable amount between the testator's widow and his two infant grandchildren.    The executor appealed from the part of the decree surcharging the account. The widow appealed from the part directing that the distribution should be shared with the grandchildren. The Appellate Division affirmed the decree.

The decree surcharging the account was based upon the facts: The executor, in retaining a firm of attorneys to prosecute the action, contracted that the compensation

for their services in the action should be contingent upon and be one-third of the recovery. He paid them from the avails of the judgment, pursuant to the contract, the sum of $27,345.56, with which payment he credited himself in his account. The fair and reasonable value of their services, as found by the surrogate, was $15,500; their disbursements were the sum of $634.21. The executor, therefore, should have paid them the sum of $16,134.21 only.

We sustain the decree in the surcharge of the account. The surrogate had not the power to allow the executor for any expenditure by him in the action a credit exceeding a just and reasonable sum. When the action was commenced the statute provided: " The compensation of an attorney or counsellor for his services is governed by agreement, express or implied, which is not restrained by law, * * *." (Judiciary Law [Cons. Laws, chapter 30], section 474.) When the accounting proceeding was instituted section 1903 of the Code of Civil Procedure contained the provision that the reasonable expenses of the action to recover damages for a death wrongfully caused may be fixed by the surrogate upon the judicial settlement of the account of the executor or administrator maintaining the action, and may be deducted from the recovery. In this jurisdiction, and others, a contingent fee contract made between client and attorney in retaining the latter is, in the absence of legal fraud, valid. (*Matter of Fitzsimons*, 174 N. Y. 15; *Morehouse* v. *Brooklyn Heights R. R. Co.*, 123 App. Div. 680; affirmed, 195 N. Y. 537.) When the contract is between the executor or administrator under section 1902 and an attorney, for the purpose of prosecuting or maintaining an action under the section, the law imposes the additional condition that as to the damages recovered, or as to the beneficiaries, the contract is subject to the power of the court to determine the reasonable or suitable compensation or expenditure to the attorney which may be deducted from the

recovery. The contract, as a matter of law, through implication, includes that rule of law. (*Matter of Reisfeld*, 227 N. Y. 137; *Lee* v. *Van Voorhis*, 78 Hun, 575; affirmed, 145 N. Y. 603, upon the opinion of HAIGHT, J., below.) In the accounting of the executor, the surrogate shall not adjudge the contract, free from legal fraud, invalid. Whether the contract was at the time it was made fair and reasonable in the matter of compensation to the attorney, depends, in the accounting to the beneficiaries, upon whether or not the compensation it provided and would effect is, in the judgment of the court, under all the conditions, including the uncertainty on the part of the attorney of receiving compensation, a suitable and reasonable expense in the action. The authority of the executor or administrator, defined and delimited by the statute, did not empower him to expend or agree to expend for the compensation a greater sum. An act of his transcending the authority may cause him personal loss or liability — a proposition not presented by the record and with which we do not deal. His contract, made under whatever conditions, is not, as to the beneficiaries of the fund or the court, the test or gauge of the reasonableness of an expense. It was the duty of the executor to employ counsel to prosecute the action. The executor was bound to carry on the litigation, in all respects, with reasonable diligence, prudence and good judgment. The beneficiaries were entitled to the distribution of the recovery, diminished by the expenses warranted by the statute, including those for counsel, in an amount adjudged by the surrogate to be reasonable for the services rendered. We have considered the other several claims of the parties concerning the allowances, or disallowances, by the surrogate, reviewable by us, and deem discussion of any of them unnecessary.

The decree directed the division of the distributable recovery in equal shares among the widow and the two infant grandchildren of the testator. The widow claims

the entire thereof. A statement here of additional facts is necessary. The testator was injured and died March 28, 1913. He left him surviving a widow and, as his only next of kin, the two infant grandchildren, the children of a deceased daughter. At the time of his death, and at all times subsequent to September 1, 1911, section 1903 of the Code of Civil Procedure contained the provisions: " The damages recovered in an action, brought as prescribed in the last section, are exclusively for the benefit of the decedent's husband or wife, and next of kin; and, when they are collected, they must be distributed by the plaintiff, as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration; subject, however, to the following provisions, to wit: 1. In case the decedent shall have left him surviving a wife or husband, but no children, the damages recovered shall be for the sole benefit of such wife or husband." Those provisions became as we have quoted them through an amendment taking effect September 1, 1911. (Laws of 1911, chapter 122.) Prior to the amendment of 1911 the part of the section we have quoted was: " The damages recovered in an action, brought as prescribed in the last section, are exclusively for the benefit of the decedent's husband or wife, and next of kin; and, when they are collected, they must be distributed by the plaintiff, as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration." The section as it was prior to the amendment of 1911, in connection with other statutes, which we need not quote, would, without question or dispute, have entitled the grandchildren here to share in the distribution.

The surrogate decided that the proper construction of the word " children," in the amendment of 1911 — " in case the decedent shall have left him surviving a wife, or a husband, but no children, the damages recovered

shall be for the sole benefit of such wife or husband" — signified children generally in a direct line, and was not limited to immediate offspring, and, therefore, the two grandchildren were beneficiaries. The Appellate Division decided that the word had its primary sense of comprehending only the immediate offspring of the decedent and, therefore, did not include the grandchildren, but decided additionally that the amendment of 1911 violated, in the instant case, section 18 of article 1 of the Constitution of the state, adopted in 1894, as follows: "The right of action now existing to. recover damages for injuries resulting in death, shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation," and, therefore, did not change the section as it was prior to the amendment, under which the grandchildren were beneficiaries.

We approve of the decision of the Appellate Division that the word "children" in the amendment did not include the grandchildren, and the reasoning which supports it. The language of the sections (1902–1905) relating to the action is not in any aspect or application inimical to the primary and common meaning of the term "children" as immediate descendants, or indicative that the term should have the very comprehensive meaning of descendants generally. The reasoning of Mr. Justice SHEARN, concerning this question, in the court below (*Matter of Meng,* 188 App. Div. 69, 77), is sound and comprehensive and we do not repeat or enlarge upon it. The established rule is there well stated: "The word 'children' is always considered to have been used in its primary sense, and to exclude grandchildren, unless there be something in the document in which it occurs, whether statute, will or contract, which requires a different construction. (*Matter of Truslow,* 140 N. Y. 599.)" While the judicial decisions of other jurisdictions are not of convincing effect, they support the decision. (*Hunt v. New Orleans Ry. & Light Co.,* 140 La. 524; *Pittsburgh,*

*Cin., Chi. & St. L. Ry. Co.* v. *Reed,* 44 Ind. App. 635; *McCutcheon* v. *Receivers, etc.,* 16 Fed. Cases, Case No. 8,742a.)

The amendment of 1911 does not, because it enacts as we have stated, infract section 18 of article 1 of the Constitution of the state, which became in force January 1, 1895. It did not abrogate the right of action to recover damages for injuries resulting in death as that right existed prior to the adoption of the constitutional provision. The right of action is, of course, and at all times during its existence has been, wholly statutory. At common law a civil action would not lie for causing the death of a human being. Legislative enactments, within constitutional limitations, are the exclusive source and boundary of the liability and the remedy. They may create the cause of action, define the period of its existence, and the party by whom and the method in which it shall be enforced, and prescribe the measure of damages and the beneficiaries. This doctrine is firmly established in the law of this state. The whole subject is covered by the sections of the Code. The concrete question to be answered by us is: Did the amendment of section 1903, adopted in 1911, enacting that the spouse of the decedent should alone, in the absence of children of the decedent, receive the damages, instead of the spouse and the next of kin, abrogate the right of action existing on December 31, 1894, to recover damages for injuries resulting in death. At that date sections 1902–1905 of the Code of Civil Procedure, as then existing, exclusively defined and continued the right of action, and prescribed the measure of damages and the method of the distribution and the distributees of them.

The Constitution interdicts the abrogation of " the right of action now (that is, on December 31, 1894) existing." The right of action then existing was the right to prosecute, with effect, an action to recover damages for

injuries resulting in death. The right to prosecute, with effect, such action was constituted of the facts which, under the statute, authorized a party to maintain the action against another. The facts which authorize the maintenance of the action constitute the right of action. A right of action existing at any time is not abrogated so long as the facts which give rise to it and which must be proven to maintain it are unchanged. (*Patterson* v. *Patterson*, 59 N. Y. 574; *Walters* v. *City of Ottawa*, 240 Ill. 259; *Read* v. *Brown*, 22 Q. B. Div. 128; *Baltimore & O. R. R. Co.* v. *Larwill*, 83 Ohio St. 108, 115.)

On December 31, 1894, the section 1902 was: " The executor or administrator of a decedent, who has left, him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued. Such an action must be commenced within two years after the decedent's death." Sections 1903, 1904 and 1905 designated as the beneficiaries of the damages the spouse and the next of kin of the decedent, and the measure and distribution of damages. The measure of damages has not been changed. In 1909, by amendment (Laws of 1909, chapter 221), there was added to section 1902 the words: " When the husband, wife or next of kin do not participate in the estate of the decedent, under a will appointing an executor, other than such husband, wife or next of kin, who refuses to bring such action, then such husband, wife or next of kin shall be entitled to have an administrator appointed for the purpose of prosecuting such action for their benefit." In 1915, by amendment (Laws of 1915, chapter 620), there was interpolated in the first sentence of the section immediately following the words " The executor or administrator " the words: " duly appointed in this state, or in

any other state, territory or district of the United States, or in any foreign country." Section 1903 was amended in 1911 as we have stated; in 1904 (Laws of 1904, chapter 515) in a manner immaterial here, and in 1915 (Laws of 1915, chapter 641), so as to make it applicable to damages obtained through a settlement without action, and so as to declare the original direction of distribution subject to two modifying provisions additional to that enacted in the amendment of 1911.

Manifestly section 1902 declares, and prior to January 1, 1895, declared, the facts from which the right of action arises. The facts declared by it have remained unchanged. The amendments to it have not added to or taken from those facts. Those facts, (a) the death of a human being, (b) caused by the wrongful act, neglect, or default of another, (c) who or which would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued, (d) a husband, wife or next of kin of the decedent surviving the decedent and, (e) a personal representative of the decedent having been appointed, constituted a right of action to the personal representative. It was thus prior and subsequent to the amendment of 1911. The amendments to section 1902, subsequent to 1894, have not altered those facts from which the right of action has arisen. Whenever, in the trial of the action, those facts have been or are proven and found to exist the representative has maintained the action and has been or is entitled to a judgment for damages. (*Oldfield* v. *New York & H. R. R. Co.*, 14 N. Y. 310; *Ihl* v. *Forty-second Street & G. St. F. R. R. Co.*, 47 N. Y. 317; *Murphy* v. *Erie R. R. Co.*, 202 N. Y. 242.) The right of action existing on December 31, 1894, has not been abrogated or affected by the amendment.

The executor and the grandchildren assert and argue: Prior to the amendment of 1911 the right of action was a collective right of the spouse and next of kin of the

decedent; the amendment transformed it (no children surviving), into a right of action for the spouse alone; therefore the amendment abrogated the right of action belonging to the next of kin and guaranteed to them by the Constitution. " It is quite clear, therefore," the executor states, " that the amendment to section 1903 does not merely purport to regulate the *distribution* of damages, but purports to limit the *cause of action* by excluding therefrom the right of action which was guaranteed to certain next of kin (in this particular case the testator's grandchildren), by virtue of the constitutional amendment." Therefore, the amendment violates the Constitution and is void. The first proposition of the assertion is erroneous. The right of action was not a right of action of the spouse and next of kin. The statute did not, at the taking effect of section 18, article 1 of the Constitution, vest the right of action in or give it to any of the statutory distributees of the damages recovered. The statute vested the right of action exclusively in the representative of the decedent; it vested the right to the damages exclusively in the spouse and next of kin. It " declares that a right of action arises to the administrator." (*Quin* v. *Moore,* 15 N. Y. 432, 435.) The statute gives a right of action for the wrongful act " to the representatives of the deceased, for the pecuniary consequences suffered by the husband, wife or next of kin from such wrongful act * * *. The cause of action here provided for does not purport to be in any respect a derivative one, but is an original right conferred by the statute upon representatives for the benefit of beneficiaries, but founded upon a wrong already actionable by existing law in favor of the party injured, for his damages. * * * The cause of action thereby (by the statute) given is not to the estate of the deceased person, but to his or her representatives as trustees, not for the purposes of general administration, but for the

exclusive use of specified beneficiaries." (*Hegerich* v. *Keddie*, 99 N. Y. 258, 267.) In *Matter of Meekin* v. *B. H. R. R. Co.* (164 N. Y. 145, 148) Judge VANN said: " Some confusion has arisen because the statute creates a property right out of the injury to the person, and confers it not upon the one injured but upon his representatives for the benefit of his wife and next of kin." In *Matter of Taylor* (204 N. Y. 135, 139) Judge HAIGHT said: " For many years the statute of this state has given a right of action to the executors or administrators of a decedent who has left him or her surviving a husband, wife or next of kin, to recover damages for the benefit of such husband, wife or next of kin for a wrongful act, neglect or default of any person or corporation by which the decedent's death was caused. * * * The right of action is not given to the widow and next of kin. It is given to the administrator of the decedent for their benefit." The section 1902 so declares. A right of action belongs to or is vested in the person or persons who has or have the lawful right to prosecute it. When a statute creates a liability and prescribes the person who shall have the right to enforce it, the latter is as component a part of the statutory right of action as is the former. The right of the specified person to maintain the action and his existence is as integral in the right of action as the liability of the defendant. (*Crapo* v. *City of Syracuse*, 183 N. Y. 395; *Usher* v. *West Jersey R. Co.*, 126 Penn. St. 206.) The right of action here is vested exclusively in the representative. It is a general principle of construction that where a right is given by statute and a remedy provided in the same act the right can be pursued in no other mode. It is obvious that a right of a person who is incapable of presenting it for judicial enforcement is not a right of action. Because the damages which the right of action produces are the property of the statutory distributees and the right to them is a property right (*Matter of Meekin* v. *Brooklyn Heights R. R. Co.*, 164 N. Y. 145), we, in treating of the

damages, have in instances spoken of the right of action or the cause of action as the property of the beneficiary or beneficiaries. Our decisions have uniformly been as they must be, in virtue of the language of section 1902 from the time of its enactment, that the right of action is exclusively given and belongs to the representative.

The right to the damages is not a constituent part of the right of action. The ownership of the next of kin, prior to January 1, 1895, of a part of the damages recovered, was not a fact upon which the right of action at all depended. The right of action creates, in conjunction with the remedy, the right to damages. Before the right to damages exists or accrues the right of action must be complete and perfect. Could and should one of several distributees, during the pendency, or prior to the commencement, of the action, release to the defendant or party liable his right to share in the recovery, thus destroying the right, the right of action would not be abrogated or affected. The amount of the damages recoverable might be lessened, but the facts which constituted the right of action and the right would continue. In this statutory action the statutory direction of 1911, changing the recipients of the distribution and continuing to confine them to those for whose benefit the statute, within its clear and expressed intendment, was enacted, did not abrogate the right of action. Inasmuch as the death of the decedent occurred subsequent to the amendment of 1911, the rights of the grandchildren were, obviously, subject to the force of the amendment.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court modified so as to decree that Elizabeth Bischoff is entitled to and be paid the entire distributable balance of the recovery in the death action with accrued interest thereof, with costs in the Appellate Division and in this court to the special guardian, respondent, payable out of the fund.

HISCOCK, Ch. J., CHASE, HOGAN, MCLAUGHLIN and CRANE, JJ., concur; POUND, J., dissents and votes for affirmance on the ground that the legislative language and policy should not be construed as excluding grandchildren from participating in the recovery.

Order reversed, etc.