SARAH MOSSIP, as Administratrix, etc., of WILLIAM H. McKENZIE, Deceased, Appellant, v. F. H. CLEMENT & Co., Respondent.*

Fourth Department, March 8, 1939.

*Philip Halpern* [*Emil L. Cohen* with him on the brief], for the appellant.

*Ulysses S. Thomas* [*Ralph W. Dex* and *Paul W. Lapey* with him on the brief], for the respondent.

LEWIS, J. When a decedent's death is caused by the negligent act of another and occurs during the infancy of his next of kin, is the period of such infancy a part of the two years within which an action, under section 130 of the Decedent Estate Law, must be commenced on behalf of such infants?

This question arises upon an appeal from a judgment entered upon an order dismissing the complaint herein, under rule 107 of the Rules of Civil Practice, upon the ground that the alleged cause of action was not commenced within two years after the decedent's death.

* Affg. 163 Misc. 771.

It appears from the complaint that the decedent had been employed by the defendant until December 17, 1930, during which employment he was exposed to injurious conditions from which he contracted silicosis and died as a result thereof on May 12, 1933. He was survived by a widow and two infant children. The administratrix was not appointed until July 20, 1936, on which date this action was commenced by the service of the summons followed by service of the complaint on September 22, 1936. It is important to note that the action is not brought for the benefit of the widow but solely in behalf of decedent's two children who are respectively nineteen and seventeen years of age.

The plaintiff contends that the period of two years following decedent's death, fixed by section 130 of the Decedent Estate Law as the time within which a suit in behalf of his widow and next of kin must be commenced, does not bar the present action brought solely in behalf of his infant children, because the running of the statutory period of two years was suspended during their infancy by section 60 of the Civil Practice Act.

That argument may well be subject to the criticism that it advocates the splitting of a statutory cause of action, a practice which has met with condemnation by the courts of this jurisdiction. (*U. S. Fidelity & G. Co.* v. *Graham & Norton Co.*, 254 N. Y. 50, 54, 55.) We pass, however, to other considerations which we believe fully support the judgment under review.

The cause of action for wrongful or negligent injuries resulting in death was not known at common law. It had its origin in 1846 in an act of Parliament known as " Lord Campbell's Act " (9 & 10 Vict. chap. 93) and shortly thereafter became the subject of a statute in this State by the enactment of chapter 450 of the Laws of 1847. Ever since that time there have been statutes authorizing such an action, which have been transferred by the Legislature successively to the Code of Civil Procedure, sections 1902–1905 (by Laws of 1880, chap. 178) and to the Decedent Estate Law, section 130 (by Laws of 1920, chap. 919). Meantime in 1894 such a cause of action was preserved as part of our substantive law when the People adopted as a part of the State Constitution article 1, section 18,* which provides:

" Damages for injuries causing death.— § 18. The right of action now existing to recover damages for injuries resulting in death, shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation."

It thus appears from the history of the " death action " and from rulings which have dealt with its administration, that " A civil

* Renumbered § 16 by Constitution of 1938, effective Jan. 1, 1939.— [REP.

liability and the right to recover damages for a wrongful act or neglect causing death are created solely by statute. * * * Legislative enactment is the exclusive source and boundary of the liability and the remedy. It may create the cause of action, define the period of its existence, and the party by whom and the method in which it shall be enforced and prescribe the measure of damages and the beneficiaries." (*Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397, 402.) As we proceed with our present inquiry we also have it in mind that "It is a general principle of construction that where a right is given by statute and a remedy provided in the same act the right can be pursued in no other mode." (*Matter of Meng*, 227 N. Y. 264, 277; *Loewy* v. *Gordon*, 129 App. Div. 459, 460.)

Guided by these rules we find that ever since the original enactment in 1847 of the statute in question, the Legislature by language which has undergone only slight change, has prescribed who has the right to institute the action and has fixed two years as the time within which such an action must be brought. Those two requirements are clearly set forth in the present statute (Dec. Est. Law, § 130) which provides:

" § 130. * * * The executor or administrator duly appointed in this State, * * * of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. Such an action must be commenced within two years after the decedent's death."

The statute thus clearly designates " the executor or administrator * * * of a decedent," as the one who shall maintain the action, and requires that it must be commenced within two years after the decedent's death.

We may agree with the appellant that under the rule of *Sharrow* v. *Inland Lines, Ltd.* (214 N. Y. 101), the two-year period within which the action must be brought is a Statute of Limitations, but we cannot agree that the exceptions to the Statute of Limitations, to be found in the Civil Practice Act, section 60, are effective to suspend the running of the two-year period during the infancy of decedent's children.

The material provisions of section 60 of the Civil Practice Act are:

" § 60. Certain disabilities excluded from time to commence action. If a person entitled to maintain an action other than for

the recovery of real property, \* \* \* is at the time when the cause of action accrues, either:

" 1. Within the age of twenty-one years; or \* \* \* 3. \* \* \* the time of such a disability is not a part of the time limited in this article for commencing the action."

The section is a part of article 2. The fact that section 60 excludes the disability of infancy as not being a part of the time limited " *in this article*," requires us to examine the first section of article 2, which bears the caption, " Application of article." That section provides in part:

" § 10. \* \* \* The provisions of this article apply and constitute the only rules of limitation applicable to a civil action or special proceeding, *except in one of the following cases:*

" 1. *A case where a different limitation is specially prescribed by law* or a shorter limitation is prescribed by the written contract of the parties."

In the statute which we are now considering a different limitation is " specially prescribed by law," viz., " Such an action must be commenced within two years after the decedent's death." (Dec. Est. Law, § 130.)

The appellant also asserts that public policy dictates that from the two-year period of limitation there should be excluded the disability of infancy. Such a view from the angle of public policy, would seem to disregard the rule that " Public policy \* \* \* is evidenced by the expression of the will of the Legislature contained in statutory enactments." (*Straus & Co.* v. *Canadian Pacific R. Co.*, 254 N. Y. 407, 413.) Here the will of the Legislature upon this subject has been made clear by the language employed in the statute itself. It has also been considered by the Court of Appeals in *Titus* v. *Poole* (145 N. Y. 414), where the court had occasion to interpret the legislative purpose as expressed in section 414 of the Code of Civil Procedure, now section 10 of the Civil Practice Act, quoted in part above. The opinion by Chief Judge ANDREWS states (p. 423): " The general purpose of the exception in this section seems plain. It was to preserve limitations prescribed by special statute or by the contract of parties, and to prevent any misapprehension that actions subject to special limitations by statute or contract were affected by the periods of limitation prescribed in chapter four in the several classes of action therein specified. The statutes prescribing special and unusual limitations are numerous."

That a limitation expressly prescribed by statute — as in the case at bar — is not to be suspended by invoking exceptions such as those prescribed by section 60 of the Civil Practice Act, is also

indicated by an excerpt from the opinion by Judge CULLEN in *Conolly* v. *Hyams* (176 N. Y. 403, at p. 407): "The tendency of the latest decisions of this court has been to extend to all claims the benefit of the exceptions given by the Code of Civil Procedure to the bar of the Statute of Limitations, *except where there is an express statute or contract to the contrary.*" (Quoted with approval in *Sharrow* v. *Inland Lines, Ltd., supra,* p. 109.)

In defining those whose disabilities permit them temporarily to escape the bar of the statutory limitations fixed by article 2 of the Civil Practice Act, it will be noted that section 60 of that act, quoted in part above, begins with the qualifying clause, "If a person entitled to maintain an action." The legislative intent is thus expressed that only a person entitled to bring an action may invoke the benefits granted by section 60. The clause which thus introduces and qualifies section 60 bears directly upon our present problem by reason of the provisions of section 130 of the Decedent Estate Law which restrict the maintenance of the action thereby created to an executor or administrator of the deceased acting, as has been suggested, "as the statutory trustee of the entire group of beneficiaries." (*U. S. Fidelity & G. Co.* v. *Graham & Norton Co., supra,* p. 55.)

Upon this phase of the case the plaintiff-appellant argues that for the purpose of the Statute of Limitations a cause of action is deemed to have accrued upon the death of the decedent in favor of the beneficiaries, and that each of such beneficiaries must be deemed to be "a person entitled to maintain" an action within the meaning of section 60 of the Civil Practice Act. That argument disregards the ruling in *Matter of Meng* (*supra*, pp. 276, 277) that " The right of action was not a right of action of the spouse and next of kin. The statute did not, at the taking effect of section 18, article 1 of the Constitution, vest the right of action in or give it to any of the statutory distributees of the damages recovered * * *. ' It is given to the administrator of the decedent for their benefit.' * * * A right of action belongs to or is vested in the person or persons who has or have the lawful right to prosecute it. When a statute creates a liability and prescribes the person who shall have the right to enforce it, the latter is as component a part of the statutory right of action as is the former. * * * It is obvious that a right of a person who is incapable of presenting it for judicial enforcement is not a right of action. Because the damages which the right of action produces are the property of the statutory distributees and the right to them is a property right * * *, we, in treating of the damages, have in instances spoken of the right of action or the cause of action as the property of the beneficiary or

beneficiaries. Our decisions have uniformly been as they must be, in virtue of the language of section 1902 [now Dec. Est. Law, § 130] from the time of its enactment, that the right of action is exclusively given and belongs to the representative."

The judgment from which appeal is taken should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Judgment affirmed, with costs.