Norman L. Harvey, J.
The defendants move to dismiss the complaint in this wrongful death action because the action was not commenced within two years after decedent’s death.
Eobert J. Graves was killed on April 19, 1965. He died intestate and was survived by his mentally incompetent widow and a daughter who was born January 31, 1964. Although the defendants concede that the widow was incompetent at the time of her husband’s death and that her incompetency continues, she was not judicially declared to be incompetent until January 20, 1967. The order appointing a committee was entered in the Essex County Clerk’s office March 16,1967. The committee was appointed administratrix of decedent’s estate on December 12, 1967. The summons and complaint were served on the defendant Holmes on March 6, 1968 and on the defendant Olcott on December 29,1967.
Plaintiff contends that the limitation contained in section 130 of the Decedent Estate Law (EPTL 5-4.1) was tolled from the date of death until March 16, 1967 because of the incompetency of the widow and the infancy of the daughter ('CPLE 208).
Defendants rely upon Mossip v. Clement & Co. (256 App. Div. 469, affid. without opn. 283 N. Y. 554). In that ease, the widow *525 was not appointed until more than two years after her husband’s death. The decedent was survived by infant children. As administratrix, the widow commenced a wrongful death action solely to recover the pecuniary damages of the children and contended that the two-year statute was tolled during the infancy of the persons for whose benefit the action was commenced. The court disagreed and held that the person entitled to commence the action was the personal representative of the estate and that the disability of a person for whose benefit the action was commenced did not come within the provisions of section 60 of the Civil Practice Act.
Defendants accurately contend that the holding in Hughes v. Hinson’s Garage (9 A D 2d 1014) (cited by plaintiff in support of her position) is neither contrary to nor inconsistent with the Mossvp case. In the Hughes case, the court granted the plaintiff widow the right to invoke a more favorable New York State Statute of Limitations in her wrongful death action brought in this State as a resident of this State pursuant to the Pennsylvania substantive statute. The court held that if section 130 of the Decedent Estate Law was the applicable Statute of Limitations, the period prescribed therein was tolled during the infancy of the widow. The tolling disability was that of “ a person entitled to commence ” the action because the Pennsylvania statute specifically vested that right in the widow. But, on the other hand, nothing stated therein is contrary to or inconsistent with plaintiff’s contention that, in this State and under normal circumstances, a widow is the person entitled to commence an action for the wrongful death of her husband and needs only to go through the formality of obtaining letters of administration in order ¡to do so.
No cases cited by the parties and no cases discovered by the court deal precisely with the application of CPLR 208 to the disability of a person having a prior right to letters of administration. That CPLR 208 does apply to the limitation imposed by section 130 of the Decedent Estate Law appears to be clear. (Kerr v. St. Luke’s Hosp., 176 Misc. 610, affd. 262 App. Div. 822, affd. 287 N. Y. 673.) The basic question to be determined is whether or not the disability of the widow by reason of her incompetency, coupled with the disability of the only other distributee by reason of infancy, tolled the statute. The court concludes that it did. “ If a person entitled to commence an action is, at the time the cause of action accrues * * * insane * * * and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases * * * the time within *526 which the action, must be commenced shall be extended to three years after the disability ceases * * * if the time otherwise limited is less than three years, the time shall be extended by the period of disability ” (CPLB 208).
The key words of the statute, insofar as its application to the instant issue is concerned, are :“a person entitled to commence an action ”. A strict interpretation of the words would lead to the conclusion that a person is not entitled to commence an action requiring a representative plaintiff, until that person is actually appointed to that fiduciary position. But, the facts of the instant case graphically demonstrate the injustice of so narrow an interpretation. The death of the husband reduced the family to two people. The adult was mentally incompetent and the child was only 15 months old. There was no competent adult who had any responsibility for ,the family. Because of her relationship to the decedent, the wife was the person entitled to commence the action and her appointment as administratrix would have been routine were it not for her disability (Surrogate’s Ct. Act, § 118). It is the court’s opinion that the broader interpretation of the statute is the just one. A person is “ a person entitled to commence ” an action in a representative capacity if, by reason of his status, he would qualify for such appointment were it not for one of the disabilities set forth in .the section.
The court’s interpretation of the statute is not entirely without precedent. In Stutz v. Guardian Cab Corp. (273 App. Div. 4) decedent’s only survivor was her son who was in military service at the time of her death. More than two years later, the son was appointed administrator and the wrongful death action was commenced about three years after the death. Although the tolling statute allowed by the court was the Soldiers’ and Sailors’ Civil Belief Act, rather than CPLB 208 (then Civ. Prac. Act, § 60), the same principle was applied. The Appellate Division (1st Dept.) did not split the plaintiff into two people — one, an individual in military service, and the other, a nominal party not appointed to his fiduciary position until after his discharge from the military. The court held that he was the sole beneficiary and, as such, the real party in interest. His appointment as administrator was necessary but only a mere formality. The statute was tolled for the period of time that he was in military service following his mother’s death.
In the instant case, the widow was the person entitled to commence the action. She was incapable of doing so and this incapacity continued until a committee was appointed. The com *527 mittee now takes over for her and the statute was tolled until the appointment of that committee. To determine otherwise would thwart the intent and purpose of CPLR 208 and its predecessor statute.
The motion is denied.