◼ JENNIE CRUZ, as Administratrix of the Estate of MARIE CRUZ, Deceased, Appellant-Respondent, v MOUNT SINAI HOSPITAL, Respondent-Appellant.—Order, Supreme Court, Bronx County, entered August 1, 1977, granting defendant's motion to dismiss the complaint as time-barred only to the extent of dismissing the first cause of action for wrongful death, unanimously modified, on the law, to the extent of granting the motion to dismiss the second cause of action for conscious pain and suffering as well, and, as modified, the order is affirmed, without costs or disbursements, and the complaint dismissed. Marie Cruz died at Mount Sinai Hospital on January 25, 1973. Her surviving relatives were her five- and one-half-year-old son Matthew and a sister Jennie Cruz. Jennie Cruz was granted letters of guardianship over the infant Matthew on December 12, 1974 and limited letters of administration on July 26, 1976. The present lawsuit was commenced by the administratrix on March 1, 1977, more than three years from the date of the death of the decedent. She alleged two causes of action: the first for wrongful death, and the second for conscious pain and suffering. The defendant Mount Sinai Hospital moved at Special Term to dismiss the complaint as time-barred. Special Term granted the motion only as to the cause of action for wrongful death. We would modify that determination and dismiss the second cause of action as well. A cause of action for wrongful death vests in the personal representative of the decedent and the action must be commenced within two years from the date of decedent's death (EPTL 5-4.1). Similarly, an action for conscious pain and suffering may be brought by the personal representative of the decedent (EPTL 11-

3.2, subd [b]). The second cause of action in the case at bar is governed by a three-year Statute of Limitations which accrued on the date of the injury inflicted (CPLR 214; *Stutz v Guardian Cab Corp.,* 273 App Div 4). Furthermore, the time within which a suit must be brought may be tolled by the infancy or other disability of the party authorized to bring suit (CPLR 208). The limitation is *not,* however, tolled by the infancy or disability of a beneficiary who could have been, or ultimately is appointed as, the personal representative when there existed at the time of the decedent's death next of kin who were not under disability to receive letters of administration (*Ratka v St. Francis Hosp.,* 54 AD2d 587; *Lewin v Air Jamaica,* NYLJ, June 9, 1976, p 10, col 1, affd 55 AD2d 541, mot for lv to app den 41 NY2d 806, rearg den 42 NY2d 974). In the case at bar, Jennie Cruz, the sister of the decedent, was under no disability, and her failure to bring the action within the statutory time strictures mandates dismissal of the complaint. We parenthetically note that we give no credence to plaintiff's argument that the right to bring a suit for wrongful death was available at common law. Such a cause of action is purely statutory and unknown to the common law (*Mossip v Clement & Co.,* 256 App Div 469, 470-471, affd 283 NY 554; *Travelers Ins. Co. v Padula Co.,* 224 NY 397, 402; *Stutz v Guardian Cab Corp.,* 273 App Div 4, 7, *supra).* Concur—Lupiano, J. P., Lane, Markewich and Sandler, JJ.