OPINION OF THE COURT
John A. Monteleone, J.
This is a motion by petitioner, Francisco Cruz, seeking an order granting him leave to serve a notice of claim on the respondent to recover damages on behalf of the infant distributee of the deceased, Maria Cristina Cruz for wrongful death and on behalf of the estate for conscious pain and suffering.
The deceased was admitted to Coney Island Hospital on or about November 2, 1983 and after giving birth she died on November 12, 1983 while still a patient there. She was not married to the father of the infant. The deceased’s father, the maternal grandfather, is the petitioner herein. He applied to the Surrogate’s Court to be appointed limited administrator of his deceased daughter’s estate in February 1984. Because the only distributee of this estate is an infant (EPTL 4-1.1 [a] [6]) a guardian had to be appointed in order for someone to become eligible to receive limited letters of administration (SCPA 1001 [1] [b]; [2]; 707).
*377 The petitioner has documented for this court the great lengths he had gone to in this matter in order to be appointed both guardian of the surviving infant son and administrator of his daughter’s estate.
It is the petitioner’s position that because the only distributee is an infant the Statute of Limitations set forth in General Municipal Law § 50-i of one year and 90 days after the happening of the event or two years in wrongful death should be tolled. Further, the petitioner asserts that pursuant to Cohen v Pearl Riv. Union Free School Dist. (51 NY2d 256), the time within which a notice of claim must be served is also tolled by CPLR 208.
The respondent points out that pursuant to Brennan v City of New York (59 NY2d 791), the applicable provision governing the time within which an action must be brought against the New York City Health and Hospitals Corporation (NYCHHC) is New York City Health and Hospitals Corporation Act § 20 (L 1969, ch 1016) which limits the period of time to one year and 90 days after the date of death. In that case, the court held that the two-year provision set forth in both EPTL 5-4.1 and in General Municipal Law § 50-i is inapplicable to an action for wrongful death brought against NYCHHC. However, in Brennan (supra), the issue of whether or not the tolling provision of CPLR 208 is operative because of the distributee’s disability was not presented or considered.
In Cohen (51 NY2d 256, 263, supra), the Court of Appeals held that "where the time for commencing an action on the claim is tolled under CPLR 208, there will be a concomitant tolling of the time during which late notice of claim may be served (see Matter of Beary v City of Rye, 44 NY2d 398, 408)”.
The respondent cites Cruz v Mount Sinai Hosp. (61 AD2d 915 [1st Dept 1978]) for the proposition that the time limitation within which a suit may be brought is not "tolled by the infancy or disability of a beneficiary who could have been, or ultimately is appointed as, the personal representative when there existed at the time of the decedent’s death next of kin who were not under disability to receive letters of administration” (p 916).
The facts in the Cruz case are that the deceased left a sister and an infant son. The date of death was January 25, 1973, the sister was appointed guardian on December 12, 1974 and was granted letters of administration on July 26, 1976 and commenced the lawsuit on March 1, 1977. The Appellate *378 Division construed, pursuant to the holding in Ratka v St. Francis Hosp. (54 AD2d 587, affd 44 NY2d 604), that the sister was not under a disability on the date of decedent’s death so her failure to bring an action within the statutory time strictures mandated a dismissal of the action.
The facts in Ratka (supra) were that the deceased was survived by a wife of 46 years of age, a daughter, 22 years of age, and six infants. One of the infants, who reached majority a couple of years after the death of his father, was granted letters of administration three years after the date of death. The Administrator then sought to invoke the tolling provisions of CPLR 208 because he was an infant when his father died. The court declined to do so because there was an opportunity to obtain the timely appointment of a personal representative by the next of kin who were under no disability to receive letters of administration at the time of the decedent’s death.
First, the petitioner points out that the term "next of kin” in the context used by the court in Ratka (supra, p 587) must be construed as "distributee” due to the fact that the Appellate Division, Second Department, cited Pulsifer v Olcott (63 Misc 2d 524, affd 41 AD2d 781) in its decision. Pulsifer dealt with the tolling of the limitations period for a wrongful death action where the survivors were a widow, who was declared incompetent, and an infant. Because the widow was entitled to bring an action in a representative capacity but could not because of her disabilities, the court held that the Statute of Limitations was tolled until a committee was appointed and to hold otherwise would thwart the purpose and intent of CPLR 208 (pp 526, 527).
Second, the petitioner asserts that the only distributee in the instant case is the infant, Richard Anthony Cruz (EPTL 4-1.1 [a] [6]) and, therefore, he is the only "person entitled to commence an action” (CPLR 208). Under the rationale set forth in Pulsifer (supra), the Statute of Limitations does not begin to run until such time as a guardian is appointed to bring the action in a representative capacity.
Third, petitioner contends that he was not "next of kin” who might have received letters of administration because he could not be appointed in a representative capacity until such time as he was appointed guardian of the sole surviving distributee.
The court agrees with the reasoning and rationale of the *379 holding in Pulsifer (supra), and notes that the holding in Cruz (61 AD2d 915, supra) appears to conflict with the Second Department’s implied approval of the Pulsifer decision. However, a careful analysis shows that the sister was entitled to be appointed the administrator on December 12, 1974, the date she was appointed guardian of the sole surviving distributee, but she waited for another year and a half before letters of administration were obtained and then another seven months before commencing the wrongful death action. Had she expeditiously pursued the available remedies on behalf of the infant, she might have been able to commence the action within the applicable two-year Statute of Limitations.
This court has not found any case which states a different principle than that the infancy of the person entitled to bring an action for wrongful death and conscious pain and suffering will toll the applicable limitations period as enunciated in Pulsifer (63 Misc 2d 524, affd 41 AD2d 781, supra), and, by implication, followed in Ratka (54 AD2d 587, affd 44 NY2d 604, supra).
It is therefore clear to this court that it was the disability of infancy which prevented the petitioner from being entitled to bring the action in the instant case until the statutory time periods had run.
The Court of Appeals has declared that by incorporating the toll for disability into the limitations period specified in section 50-e (5), the Legislature intended to enlarge "the time frame during which a court could lawfully grant an infant permission to serve late notice of claim” (Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 265, supra).
While it is true "that the mere availability of the toll does not in itself mandate that an extension be granted in every case involving an infant” (Cohen, supra, p 265), the courts have been given the authority and discretion to grant or deny an extension based upon the particular facts and circumstances in each case.
In the instant case, the petitioner has moved as expeditiously as possible in obtaining his appointment as guardian of the infant (Aug. 30, 1985) making application and receiving letters of administration (Sept. 9, 1985) and then serving the notice of claim (Oct. 29, 1985) and finally, moving in this court within 10 days after serving the notice of claim.
The hospital records which document the medical treatment rendered the decedent are presumably intact and available to *380 both parties for the prosecution and defense of this action. Therefore, the respondent will not suffer any prejudice by the fact that the court has tolled the running of the statute until the date that the petitioner was appointed guardian of the infant.
Accordingly, the motion is granted and the notice of claim, as attached to the moving papers, is deemed served.