■ MAGALI HERNANDEZ, as Administratrix of the Estate of LAURA MORALES, Deceased, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents.— Order, Supreme Court, Bronx County (Lewis R. Friedman, J.), entered March 22, 1989, which, inter alia, granted defendant New York City Health and Hospitals Corporation's motion to dismiss the complaint, unanimously modified, on the law, and the complaint reinstated as to defendant New York City Health and Hospitals Corporation, and, except as thus modified, affirmed, without costs or disbursements.

The decedent, a patient at North Central Bronx Hospital, died on April 8, 1987, survived by a 10-year-old son, Miguel, who is her sole distributee. Letters of guardianship were issued by the Bronx Surrogate's Court to the decedent's mother, Margarita Colon, on December 22, 1987; thereafter, on December 31, 1987, limited letters of administration were issued to the decedent's sister, Magali Hernandez, plaintiff herein. Thereafter, by order entered February 4, 1988, a motion for leave to file a late notice of claim was granted, without opposition. The summons and complaint in this wrongful death action, however, were not served upon defendant, the New York City Health and Hospitals Corporation (NYCHHC), until December 16, 1988. NYCHHC moved to dismiss the complaint on the ground of the Statute of Limitations. The IAS court granted the motion and, citing *Cruz v Mount Sinai Hosp.* (61 AD2d 915, 916), stated, *inter alia,* that the Statute of Limitations is not tolled by infancy when there existed at the time of death "other distributees who were not under disability to receive letters of administration." Thus, the court found that the action could have been timely commenced. We modify to reinstate the complaint as against NYCHHC.

The accrual date with respect to the applicable Statute of Limitations—"one year and ninety days after the cause of action thereof shall have accrued" (New York City Health and Hospitals Corporation Act [L 1969, ch 1016, § 1, as amended] § 20 [2]; McKinney's Uncons Laws of NY § 7401 [2])—is not, as plaintiff contends, the date of appointment of the personal representative of the decedent. Rather, as both this court and the Court of Appeals have held, it is the date of death (*Brennan v City of New York,* 88 AD2d 871, *affd* 59 NY2d 791; *see also, Martinez v New York City Health & Hosps. Corp.,* 137 AD2d 503). The time within which a suit must be brought may, however, be tolled by the infancy of the party authorized to bring suit. (*Cruz v Mount Sinai Hosp.,* 61 AD2d, *supra,* at 916.) Thus, where the sole distributee is an infant, "the Statute of Limitations does not begin to run until such time as a guardian is appointed to bring the action in a representative capacity." (*Matter of Cruz v New York City Health & Hosps. Corp.,* 131 Misc 2d 376, 378; *see also, Pulsifer v Olcott,* 63 Misc 2d 524, *affd* 41 AD2d 781.) The reason for the rule is apparent: where the sole distributee is an infant, no one is eligible to receive letters of administration until such time as a guardian is appointed. (*See,* SCPA 1001.) Accordingly, the Statute of Limitations did not begin to run until December 22, 1987, the date of the appointment of the infant's guardian, and the action, commenced less than one year thereafter, on December 16, 1988, was timely.

As noted, the IAS court, apparently referring to decedent's mother and/or sister, relied on the fact that there were "other *distributees* who were not under disability to receive letters of administration" (emphasis added). However, neither the mother nor the sister was entitled to share in the estate; it is clear the infant was the sole distributee (*see,* EPTL 4-1.1).

Our disposition in this case is reached notwithstanding (*Cruz v Mount Sinai Hosp.* (61 AD2d 915, *supra),* an action for wrongful death and conscious pain and suffering. In that case, decedent was survived only by a sister and an infant son. Stating that the Statute of Limitations is not tolled "by the infancy or disability of a beneficiary who could have been, or ultimately is appointed as, the personal representative when there existed at the time of the decedent's death next of kin who were not under disability to receive letters of administration" (*see also, Ratka v St. Francis Hosp.,* 54 AD2d 587), this court held that decedent's sister "was under no disability, and her failure to bring the action within the statutory time strictures mandates dismissal of the complaint" (61 AD2d,

*supra,* at 916). This was a correct statement of the law but a misapplication thereof, since at the time of decedent's death the sister was not entitled to receive letters of administration.* The general rule is that to be so entitled, a relative of the deceased must be a distributee (Goldman, Practice Commentary, McKinney's Cons Laws of NY, Book 58A, SCPA 1001, at 6; *see also, Matter of Reilly,* 165 Misc 214, 219; *Matter of Brown,* 153 Misc 41, 45), and where there is surviving issue, a sister is not a distributee *(see,* EPTL 4-1.1). (She may, however, as here, qualify as an administratrix once a guardian has been appointed for the sole distributee, who is an infant. In such case, the guardian may consent to the appointment on behalf of the infant [SCPA 1001 (6)].) In *Cruz,* the sister's entitlement to receive letters of administration was derived from her status as guardian. Accordingly, to the extent that *Cruz v Mount Sinai Hosp.* is inconsistent with our conclusion herein, we decline to follow it. Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Kassal, JJ.

---

* The result in *Cruz v Mount Sinai Hosp.* (61 AD2d 915) can be partially explained by the fact that although "the sister was entitled to be appointed the administrator on December 12, 1974, the date she was appointed guardian of the sole surviving distributee, * * * she waited for another year and a half before letters of administration were obtained and then another seven months before commencing the wrongful death action. Had she expeditiously pursued the available remedies on behalf of the infant, she might have been able to commence the action within the applicable two-year Statute of Limitations." *(Matter of Cruz v New York City Health & Hosps. Corp.,* 131 Misc 2d 376, 379.)