Alexander, J.
(dissenting). In order to avoid an "unnecessarily harsh result,” the majority today holds that in the "unusual situation” where an infant is the sole distributee of a decedent, the time within which the personal representative of the decedent’s estate must commence a wrongful death action under EPTL 5-4.1 is tolled by CPLR 208 until a guardian is appointed for the infant, or until the infant distributee reaches majority, whichever occurs first. Because this interpretation constitutes nothing less than sheer judicial legislation, I dissent.
It is well established that the courts "do not sit in review of the discretion of the Legislature or determine the expediency, wisdom, or propriety of its action on matters within its powers” (McKinney’s Cons Laws of NY, Book 1, Statutes § 73; see also, Bronx Gas & Elec. Co. v Public Serv. Commn., 190 App Div 13 [the courts should not, through any argument of necessity or hardship, arising either from a failure of the Legislature to act or from an unwise action on its part, assume the burden of legislation]). However, in its effort to rectify a perceived defect in the statutory scheme governing the prosecution of wrongful death actions, the majority has chosen to elevate a particular public policy concern over another equally important policy, as well as settled canons of statutory interpretation and stare decisis, justifying this judicial legislation on the basis of a distinction between the situation presented in this case and those in Ratka v St. Francis Hosp. (44 NY2d 604) and Mossip v Clement & Co. (256 App Div 469, affd 283 NY 554) that is both inconsequential and irrelevant to proper statutory analysis (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 72).
While conceding that EPTL 5-4.1 vests the right of action for wrongful death exclusively and solely in the personal representative of a decedent’s estate, the majority nonetheless concludes that because such an action is for the benefit of the decedent’s distributees, where the sole distributee is an infant, the saving provision of CPLR 208 should be applied to toll the Statute of Limitations. This conclusion has absolutely no basis in the language of EPTL 5-4.1 or CPLR 208 and is inconsistent with long-standing precedent of this Court.
EPTL 5-4.1 provides, in pertinent part, that '[t]he personal *696 representative * * * may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent’s death * * * Such an action must be commenced within two years after the decedent’s death” (emphasis added). CPLR 208 provides that '[i]f a person entitled to commence an action is under a disability because of infancy * * * at the time the cause of action accrues * * * [and] the time otherwise limited is less than three years, the time [within which the action must be commenced] shall be extended by the period of disability” (emphasis added). The infant distributee in this case is not a person entitled to bring the action and therefore his disability cannot toll the Statute of Limitations in this wrongful death action.
New York’s wrongful death statute was first enacted in 1847 (L 1847, ch 450) and has been constitutionally guaranteed since 1894 (see, NY Const, art I, § 16, providing that "[t]he right of action now existing to recover damages for injuries resulting in death, shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation”). We have on several occasions expressly declined to adopt a common-law cause of action for wrongful death (see, Carrick v Central Gen. Hosp., 51 NY2d 242, 249-250, n 2; Liff v Schildkrout, 49 NY2d 622, 631-632; Ratka v St. Francis Hosp., 44 NY2d 604, 610-612, supra). Indeed, the New York courts have consistently held that the right of action for wrongful death is purely statutory, and was unknown at common law (see, e.g., Liff v Schildkrout, 49 NY2d 622, 631-632, supra; George v Mt. Sinai Hosp., 47 NY2d 170, 176; Ratka v St. Francis Hosp., 44 NY2d 604, 610-612, supra; Caffaro v Trayna, 35 NY2d 245, 248; Matter of Meng, 227 NY 264, 273; cf., Neal v Butler Aviation Intl., 422 F Supp 850; Barnette v Butler Aviation Intl., 89 Misc 2d 350). Therefore, the statute, which vests the right of action for wrongful death in the "personal administrator” of a decedent for the benefit of the distributees — not in the heirs or distributees personally (see, Ratka v St. Francis Hosp., supra; Mossip v Clement & Co., 283 NY 544, supra; Matter of Meng, 227 NY 264, supra), is in derogation of the common law and should be strictly construed (see, Matter of Robert Paul P., 63 NY2d 233, 238; McKinney’s Cons Laws of NY, Book 1, Statutes § 301, at 459).
This Court has previously declined to extend the tolling provisions of CPLR 208 to wrongful death actions (Ratka v St. Francis Hosp., supra; Mossip v Clement & Co., supra). In Ratka we affirmed the general principle earlier stated in *697 Mossip that "[t]he infancy of the decedent’s children will not suspend the running of the * * * Statute of Limitations for commencement of a wrongful death action” (Ratka v St. Francis Hosp., supra, at 611-612). In that case the decedent was survived by his wife, an adult daughter and six infants. More than two years passed during which neither the wife nor the daughter sought appointment as representative of the decedent’s estate for purposes of bringing a wrongful death action. After the statutory period expired, one of the infants, having subsequently reached majority, was granted letters of administration and commenced a wrongful death action three years after the date of his father’s death. This Court affirmed the Appellate Division’s dismissal of the action as time-barred.
The majority advances no principled reason for reaching a contrary result in this case. They contend that the critical distinction in Ratka and Mossip, which compels a different result here, is that in those cases other distributees were available at the time of decedent’s death who were qualified and eligible to receive letters of administration and commence a wrongful death action. Here, however, the only person entitled to take the property of decedent at the time of her death was her 10-year-old son who, because of his infancy was not eligible to act as personal representative of the estate (see, EPTL 4-1.1 [a] [6]; SCPA 707 [1] [a]). Consequently, until the appointment of a guardian to represent his interest, no other person was available, qualified and eligible to be granted letters of administration (see, SCPA 1001 [1]). Thus, the argument goes, during the period between the date of death and the appointment of either the guardian or the administrator, the Statute of Limitations should be tolled as a result of the infancy of the sole distributee.
Contrary to the majority’s suggestion, our refusal to find the infancy toll of CPLR 208 applicable to the wrongful death actions in Ratka and Mossip did not rest upon the existence of other eligible and qualified distributees who could have been appointed as the personal administrator. Rather, the premise upon which we decided both of those cases was that expressed in Mossip, where we affirmed the general principle that the right of action for wrongful death "is exclusively given and belongs to the representative,” and therefore, unless the "person entitled to bring an action” is disabled, the tolling provision of CPLR 208 does not apply (see, Mossip v Clement & Co., 256 App Div 469, 473, 474, affd 283 NY 554, supra; see also, Ratka v St. Francis Hosp., supra, at 612; but see, Matter of *698 Cruz v New York City Health & Hosps. Corp., 131 Misc 2d 376; Barnette v Butler Aviation Intl., 89 Misc 2d 350, supra; Pulsifer v Olcott, 63 Misc 2d 524, affd 41 AD2d 781). Manifestly, the infant distributee is not a person entitled to bring the action (see, SCPA 707), and thus his disability cannot impact the running of the Statute of Limitations.
Moreover, even if the infancy toll of CPLR 208 were applicable in this instance, the majority’s rule is inconsistent with and contradicts the clear mandate of that section; it prematurely terminates the effect of the toll upon the appointment of a guardian. CPLR 208 clearly states that where the toll applies "the time [within which the action must be commenced] shall be extended by the period of disability” (emphasis added). The plain language of the statute does not support the conclusion that the infancy toll applies only until "the earliest moment there is a personal representative or potential personal representative” (majority opn, at 693). Under CPLR 208 the Statute of Limitations is tolled throughout the infancy, and there is no authority for terminating it sooner. Thus, in Ratka we expressly rejected application of the toll because its application would undermine the effectiveness of the limitation period.
Indeed, we have noted that Statutes of Limitation are "statutes of repose” representing " 'a legislative judgment that * * * occasional hardship [resulting from not applying the tolling provisions] is outweighed by the advantage of barring stale claims’ ” (Ratka v St. Francis Hosp., supra, at 612 [emphasis added]). Statutes of Limitation embody the important policy consideration of giving repose to human affairs (Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427, 429). As we held in Flanagan (supra), "[t]he Statute of Limitations was enacted to afford protection to defendants against defending stale claims after a reasonable period of time had elapsed” (id., at 429). Quoting Riddlesbarger v Hartford Ins. Co. (74 US 386, 390), we observed that Statutes of Limitation " 'become statutes of repose, protecting parties from the prosecution of stale claims, when, by loss of evidence from death of some witnesses, and the imperfect recollection of others, or the destruction of documents, it might be impossible to establish the truth’ ” (Flanagan v Mount Eden Gen. Hosp., supra, at 429-430).
To allow the infancy toll to operate here undermines the important policy considerations underlying Statutes of Limita *699 tian, because the wrongful death action in this case could be brought approximately 11 years after this decedent’s death, and "in instances where there are younger distributees, an even longer delay or tolling would be permissible” (Ratka v St. Francis Hosp., supra, at 612). Although the Legislature, by providing the infancy toll, has recognized that certain circumstances outweigh the policies underlying applicable Statutes of Limitation, it is also accepted that such limitations often operate to bar justified as well as unjustified claims, "heedless of whether or not the delay in bringing suit was justifiable or, indeed, could have been avoided at all” (see, 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 201.01, at 2-7). The majority concludes that the result it reaches "strikes the appropriate balance among competing policy considerations.” (Majority opn, at 694.) However, in so doing, the majority ignores the fact that the Legislature has already struck what it perceives to be the appropriate balance and expressly limited our powers in this area (see, CPLR 201 ["No court shall extend the time limited by law for the commencement of an action”]).
I am no less sympathetic than the majority to the plight of infants who may be deprived of the proceeds of a meritorious and successful wrongful death claim by application of the time limitations set forth in EPTL 5-4.1, but any deficiency in this regard must be corrected by the Legislature, not the judiciary (see, Liff v Schildkrout, 49 NY2d 622, 634, supra). Accordingly, I would reverse the order of the Appellate Division, and dismiss the complaint.
Judges Simons, Hancock, Jr., and Bellacosa concur with Judge Kaye; Judge Alexander dissents and votes to reverse in separate opinion in which Chief Judge Wachtler and Judge Titone concur.
Order affirmed, etc.