CHARLES M. MILLER, as Administrator, etc., of WILLIAM MCAULEY, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 22233.)

Court of Claims, June 22, 1933.

*John W. Goff*, for the claimant.

*John J. Bennett, Jr., Attorney-General* [*James H. Glavin, Assistant Attorney-General*, of counsel], for the defendant.

BARRETT, P. J. The accident which caused claimant's death occurred on December 15, 1931. Letters of administration were issued to claimant on February 16, 1932. The claim was filed with the clerk of the Court of Claims on March 3, 1932, and copies thereof were filed on March 9, 1932. The claim was served on the Attorney-General on March 4, 1932, and on the Superintendent of Public Works on March 26, 1932. The claim was served and filed within sixty days after the appointment of the administrator. Such service and filing were timely and proper. (Ct. of Claims Act, §§ 12-a, 14; Civ. Prac. Act, § 11; *Crapo* v. *City of Syracuse*, 183 N. Y. 395.)

Claimant on the night in question was driving his automobile northerly on Cherry street, a county road in the county of Westchester, intending to turn into a State highway running easterly and westerly at the end of Cherry street. About fifteen feet north of the State highway was Muscott reservoir, a small lake. Claimant failed to make the turn, drove through a fence into the reservoir and was drowned. This claim is by the administrator for damages caused by his death.

Cherry street slopes deeply down to the reservoir and terminates or dead ends at the State road, which is sixteen feet wide. The State at the place of the accident maintained a wooden fence painted white, a red reflector sign and a " slow " sign which became illuminated by the lights of approaching cars. While the reflector was placed somewhat to the left of the center of Cherry street, it was,

I am satisfied, made visible by the lights of approaching cars for a considerable distance south on Cherry street. In addition to these warning signals, there was on the east side of Cherry street about 350 feet south of the intersection a sign with a black border and yellow background about three feet wide and two feet six inches high with the words thereon, " Dangerous Turn — Go Slow."

It is true, as claimant contends, that to one traveling north on Cherry street the conditions were dangerous and might well have been remedied by the construction of a substantial barrier by the State between the highway and the lake.

Claimant's negligence, however, I am satisfied contributed to the accident. He had been over the road before the accident on the same day, so that he was not unfamiliar with the surroundings. He drove down Cherry street at a speed of thirty to thirty-five miles an hour regardless of the danger sign 350 feet away from the place of the accident and regardless also of the reflector and " slow " sign at the end of the street, which I am satisfied, were visible to him. He drove in high gear without slackening his pace and the conclusion is inescapable that in so doing his negligence contributed to the accident.

The claim must, therefore, be dismissed on the merits.

Ryan, J., concurs.