J. B. TAYNTON, Individually, and as Administrator, etc., of ARNOLD F. TAYNTON, Deceased, Plaintiff, v. HOWARD VOLLMER, as Executor, etc., of LENA BALMOS, Deceased, Defendant.*

Supreme Court, Orange County, April 10, 1934.

*Maxwell J. Kaplan,* for the defendant, for the motion.

*Morton Lexow [Alton W. Teale* of counsel], for the plaintiff, in opposition.

ALDRICH, J. This is a motion by the defendant for judgment on the pleadings dismissing the complaint. The only ground urged by the defendant in support of his motion is that the action abated by the death of Lena Balmos, the alleged wrongdoer. No other ground has been considered in the determination of this motion.

The action is brought under a statute of the State of Pennsylvania and is to recover damages for the death of the plaintiff's intestate, alleged to have occurred through the negligence of one Beatrice Vollmer while engaged in the use and operation of the automobile of Lena Balmos. The facts pleaded in the complaint may be summarized as follows:

* See 264 N. Y. 379, revg. 240 App. Div. 881.

Lena Balmos was the owner of an automobile registered in New York State and this automobile was being operated by Beatrice Vollmer at the time of the occurrence on March 30, 1933, with the knowledge and consent and in the business and with the permission of the owner. The plaintiff's intestate was walking in a southerly direction on the east side of a public road running from Port Jervis in the State of New York to Matamoras in the State of Pennsylvania and the automobile of Lena Balmos was being operated in a northerly direction. The automobile left the highway on the westerly side and collided with the plaintiff's intestate, who was at that time entirely off the highway. The complaint then sets forth various allegations of negligence on the part of the operator of the car. As a result of the collision the plaintiff's intestate received injuries from which he died on the same day, leaving him surviving his father, the plaintiff, three brothers and three sisters as his only next of kin. On August 14, 1933, the father was appointed the administrator of the estate of the deceased by the register of Pike county, Pa., in which State the accident occurred. There is then pleaded the provisions of section 130 of the Decedent Estate Law of New York and certain provisions of the statutes of the State of Pennsylvania. Lena Balmos is alleged to have been a resident of Port Jervis, N. Y., at the time of the accident. She died thereafter a resident of that place and the defendant is the duly appointed, qualified and acting executor of her estate. The complaint contains, among other things, the following paragraph:

" That it was the law of the State of Pennsylvania on March 30, 1933, that an action for damages for negligence or for negligently causing the death of a third person did not abate with the death of the wrongdoer, but survived and can be continued against or instituted against the administrator, executor or personal representative of the estate of said wrongdoer."

This allegation, for the purposes of this motion, must be taken as true. The defendant contends that the action cannot be maintained after the death of Lena Balmos because the action has abated.

It has been held in two cases decided in the Second Department that under such circumstances the cause of action created by the foreign statute cannot be enforced by action in this State after the death of the wrongdoer (*Clough* v. *Gardiner*, 111 Misc. 244, decided in 1920, and unanimously affirmed upon opinion below, 194 App. Div. 923; *Matter of Killough*, 148 Misc. 73, decided in 1933), while in the Fourth Department in a case decided in 1932 (*Domres* v. *Storms*, 236 App. Div. 630) and in the First Department in a case decided in 1933 (*Herzog* v. *Stern*, 240 App. Div. 881, revg. 148

Misc. 25) it has been held, in each instance by a divided court, that such an action may be maintained in the courts of this State after the death of the wrongdoer.

Our Decedent Estate Law, and the statutes which it superseded, conferring the right to recover damages for wrongful death, created a right of action unknown to the common law (*Phœnix Ind. Co.* v. *Staten I. R. T. Ry. Co.*, 251 N. Y. 127), but such action was created only against the wrongdoer during his lifetime and abates upon his death. (*Hegerich* v. *Keddie*, 99 N. Y. 258; *Moriorty* v. *Bartlett*, Id. 651; *Gorlitzer* v. *Wolfberg*, 208 id. 475.) The Legislature, however, has the right to create new causes of action for death by wrongful act and this has been done recently in our own State by the Workmen's Compensation Law. (*Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397; *Phœnix Ind. Co.* v. *Staten I. R. T. Ry. Co.*, 251 id. 127; affd., 281 U. S. 98.) Legislative enactment is the exclusive source and boundary of the liability for death and the remedy. It may create the action, define the period of its existence, and the party by whom and the method in which it shall be enforced, and prescribe the measure of damages and the beneficiaries. (*Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397, at p. 402.)

The Pennsylvania statute provides that the action does not abate by the death of the wrongdoer. Under the New York statute such an action would abate. The defendant claims that the enforcement here of the Pennsylvania statute after the death of Lena Balmos is contrary to the public policy of New York. In a broad sense, the public policy of the State is to be determined by its laws, whether they be found in its Constitution, statutes or judicial decisions (*Domres* v. *Storms*, 236 App. Div. 630, dis. op. at p. 635, and cases cited); but such an interpretation of public policy requires the application to a case of this description of the doctrine of the similarity of the statutes of New York and Pennsylvania, which has been definitely repudiated by our Court of Appeals. (*Loucks* v. *Standard Oil Company*, 224 N. Y. 99; *Fitzpatrick* v. *International Ry. Co.*, 252 id. 127.) The defendant does not contend that there is any provision of our Constitution which prohibits the maintenance of this action. In the light of the two decisions of the Court of Appeals it seems logical to say that the present tendency is to permit the maintenance of such an action unless it is clearly forbidden by some positive act of our Legislature. The defendant argues that section 120 and section 130 of the Decedent Estate Law speak with such authority. It is the opinion of this court that these sections were not designed to limit the application and effect of a foreign statute creating a cause of action for a death resulting from a wrongful act occurring within such

foreign State and that they do not constitute any prohibition against the maintenance of the present action in the courts of New York.

The Legislature of Pennsylvania has in effect created two causes of action, one against the wrongdoer during his lifetime, and the other against his personal representative after his death. Our Legislature has only created the cause of action, for a death occurring through a wrongful act in this State, against the wrongdoer. The failure to authorize the action against the personal representative after the death of the wrongdoer is not equivalent to a positive expression of the legislative will that such an action may not be maintained in the courts of New York under a foreign statute which gives the right. By the doctrine of similarity which was thought at one time to apply to our judicial procedure, it might have been so held; but with that doctrine definitely abandoned by our Court of Appeals there would seem to be no just reason to refuse the enforcement of the Pennsylvania cause of action in our judicial tribunals. To call it " public policy " would be merely to revive the exploded theory of statutory similarity. Such reasoning leads to the conclusion that the motion for judgment on the pleadings and the dismissal of the complaint should be denied. This view coincides with another recent authority under like circumstances. (*Chubbuck* v. *Holloway*, 182 Minn. 225; revd., on other grounds on reargument, Id. 231; 234 N. W. 868.)

The motion of the defendant for judgment on the pleadings, dismissing the complaint, is, therefore, denied.

Settle order on notice.