## TESORIERO v. ERIE R. CO.
### No. 14085.

District Court, E. D. New York.

April 30, 1934.

Horace M. Gray, of New York City, for libelant.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for respondent.

BYERS, District Judge.

The respondent in an admiralty cause in personam moves for judgment, in a death case, because the libel shows that it was not filed within two years from the decedent's death, which occurred on May 12, 1926. The libel was filed on or about January 24, 1934.

Section 130 of the New York Decedent Estate Law (Consol. Laws N. Y. c. 13) provides that the personal representative of a decedent who is survived by a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default by which the decedent's death was caused, which action must be commenced within two years after that death.

Such a limitation is enforced where the proceeding is brought in admiralty. Western Fuel Co. v. Garcia, 257 U. S. 233, 42 S. Ct. 89, 66 L. Ed. 210.

The libelant would avoid the application of that rule by pointing to an action she began in the New York Supreme Court promptly upon her appointment as administratrix, which was dismissed September 15, 1932, under a rule of that court, having been marked "Off calendar" on May 11, 1928 —apparently for failure to prosecute or appear on the calendar call.

That default is explained as having been due to inability to learn of any witness who could aid the cause. It is said that, in May of 1933, such a witness was brought to light, and consequently this cause was instituted.

It is argued that the cause in the state court must be regarded as subsisting, because, by section 108 of the Civil Practice Act, the state court may, in its discretion and upon terms, relieve the plaintiff from the order of dismissal; that the existence of such power in effect proves that the alleged cause of action is still alive under the state statute, and hence this court, in the exercise of discre-

tion, may "overrule the respondent's claim of laches."

The error in this reasoning is that the respondent pleads, in article 5 of the answer, not laches, but that the cause of action accrued on May 12, 1926, and that this libel was not filed within the time permitted for the bringing of the action within the said provisions of the Decedent Estate Law. The issue, therefore, is one of limitation, not laches.

Again, the possibility of resuscitation of the state court suit depends upon the action of the court in which it was brought; if revival can be achieved, the libelant will be in a position to pursue her cause in the forum of her first choice; if it cannot, then her right of action cannot be said to be subsisting so as to support the argument that this court should entertain the libel, because timely relief was sought in the state court, and the case is there pending. So far as the record discloses, nothing has been pending in the state court since September 15, 1932.

 If the foregoing reasoning is unsound, and it is open to this court to consider whether the circumstances revealed in the opposing affidavits are so unusual that the discretion referred to and exercised in Lincoln v. Cunard S. S. Co. (C. C. A.) 221 F. 622, may operate in libelant's favor, there is this to be observed: A witness is said to have been found early in May of 1933 who made a statement which was communicated to libelant's then attorney, who consulted the proctor in this cause. Thus over seven months were allowed to lapse without action to revive the cause in the state court, or other proceeding. That showing is insufficient to quicken an impulse to exercise a discretionary power if one exists, so far as this suitor is concerned.

The libel alleges that the decedent was on a vessel which was in collision with the respondent's ferry boat, and that as the result the decedent jumped overboard from his own craft and was drowned; and that the decedent's vessel was damaged. It is therefore urged that, so far as damage to the vessel is concerned, the limitation created by the Decedent Estate Law has no application. This is true, of course.

In the exercise of discretion, the cause for vessel damage will be held to have been barred by laches, for lack of a showing that timely notice of such damage was given to the respondent, or that any appropriate steps were taken to establish the same, within a reasonable time after the happening.

The six year limitation of the state statute which applies to actions to recover damages for injury to property (Civil Practice Act § 48) would indicate the extreme period within which such a cause as this might be entertained, but that period is not hereby adopted as applicable to all causes of collision in admiralty.

The respondent may take a decree of dismissal without costs, to be settled on notice.