execution issued, and the property sold thereunder were not conclusive in this proceeding as to their *bona fides*. Appeal by plaintiff and cross-appeal by defendant from order dated April 16, 1940, dismissed, without costs. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

HARRIS LEVINE, Respondent, v. POUGHKEEPSIE RECREATION INC., and Others, Defendants, and LOUIS MARKUS and BENEDICT GINSBERG, Named in the Complaint as BENJAMIN GINSBURG, Appellants.— Action to set aside certain transfers of stock in defendant corporations. Order denying motions to change the place of trial from Dutchess county to New York county reversed on the law and the facts, with ten dollars costs and disbursements, and motions granted, with ten dollars costs. The cause of action arose in New York county. The convenience of a greater number of witnesses who are able to testify concerning the main issues involved will be served and the ends of justice will be promoted by requiring that this action be tried in New York county. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

ELSIE LUNDBERG, as Administratrix, etc., of AUGUSTA LUNDBERG, Deceased, Appellant, v. ROBINS DRY DOCK & REPAIR Co., INC., Respondent.— Appeal by plaintiff in an action for wrongful death (a) from an order of the Supreme Court dismissing the complaint, and (b) from the judgment entered thereon. The ground of dismissal is that the action is barred by the two-year limitation prescribed in section 130 of the Decedent Estate Law (Consol. Laws, chap. 13). Order and judgment unanimously affirmed, with ten dollars costs and disbursements, on the authority of *Mossip* v. *Clement & Co.* (256 App. Div. 469; affd., without opinion, 283 N. Y. 554). The authorities upon which appellant relies, typical of which is *Crapo* v. *City of Syracuse* (183 N. Y. 395), are *sui generis*, having no relation to the provisions of Decedent Estate Law, section 130, here involved, or to predecessor statutes. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD BLOCK, Appellant.— Judgment of the County Court of Kings County convicting defendant of the crimes of attempted burglary in the third degree, and possession of burglar's instruments, as a felony, unanimously affirmed. The guilt of defendant was clearly established. The alleged errors did not affect defendant's substantial rights and, hence, may be disregarded. (Code Crim. Proc. § 542.) Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAX FINKS, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting defendant of maintaining a public nuisance in the operation of a milk distributing plant, reversed on the law, information dismissed and fine remitted. The proof was inadequate to establish a public nuisance under section 1530 of the Penal Law. (*People* v. *Brooklyn & Queens Transit Corp.*, 283 N. Y. 484.) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN GOLDSTEIN, Appellant.— Judgment of the County Court of Kings County convicting defendant of the crimes of attempted burglary in the third degree, and possession of burglar's instruments, as a felony, unanimously affirmed. The guilt of defendant was clearly established. The alleged errors did not affect defendant's substantial rights and, hence, may be disregarded. (Code Crim. Proc. § 542.) Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.