ERNEST PANUNZIO, as Administrator, etc., of THOMAS PANUNZIO, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24900.)

Court of Claims, April 22, 1941.

*Andrew J. Malatesta*, for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Joseph I. Butler* of counsel], for the defendant.

RYAN, J. Claimant's intestate died June 2, 1935. Limited letters of administration were issued to the claimant by the Surrogate's Court of Montgomery County on October 28, 1935. A notice of intention to file a claim and a claim were thereafter filed with the clerk of the court by this claimant. But this claim was dismissed April 28, 1937, upon jurisdictional grounds because the claimant had failed to file copies of his claim with the appropriate departments as then required by statute. Thereafter, by notice served upon the Attorney-General May 24, 1937, and returnable June 1, 1937, before this court, claimant applied under the provisions of subdivision 5 of section 15 of the Court of Claims Act, added by chapter 775 of the Laws of 1936 (now § 10, subd. 5), for permission to file this claim. The motion was adjourned from June 1 to June 2 by stipulation of counsel and then duly adjourned by the court to June 12, 1937, at which time it was argued. By order dated June 14, 1937, duly entered, permission to file this claim was granted. The order provided that the claim be filed within thirty days from the date of the order. This provision was complied with and this claim was filed July 3, 1937.

The claim now comes on for trial at a regular term of this court and at the opening of the trial the Attorney-General moves to dismiss the claim for lack of jurisdiction because it was not filed within two years after the decedent's death. To repeat, the decedent died June 2, 1935, and the claim was filed July 3, 1937.

We have uniformly held that a cause of action to recover damages for a wrongful act causing death *accrues* only upon the appointment of a representative of the estate. (*Miller* v. *State of New York*, 148 Misc. 184; *Blauvelt* v. *State of New York*, 160 id. 319; affd., 250 App. Div. 834. See *Crapo* v. *City of Syracuse*, 183 N. Y. 395.)

However, our decisions were made under former section 12 of the Court of Claims Act as it read prior to its amendment by chapter 775 of the Laws of 1936, and when, in respect to a claim of an administrator for damages for a wrongful act by which the death of decedent was caused, the statute contained the words " which shall have *accrued* within two years before the filing of such claim."

Subdivision 5 of section 15 (now § 10, subd. 5) says nothing about *accrual* in respect to a claim for wrongful death, but reads as follows: " A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's death." It is upon this language that the Attorney-General now relies for his motion to dismiss the claim upon jurisdictional grounds.

The Court of Claims Act has always been strictly construed, but in this instance we are impelled to the holding that, inasmuch as claimant's motion was made within the two-year period and was returnable on June 1, 1937, which also was within the two-year period, the motion was timely and the filing of the claim pursuant to the order entered thereon gave jurisdiction to the court. The defendant's motion is, therefore, denied.