Alice MacDonald, as Administratrix of the Estate of May Johnston, Deceased, Plaintiff, *v.* City of Beacon, Defendant.

Supreme Court, Dutchess County, August 8, 1944.

*Phillips, Heaney & Schofield* for plaintiff.

*Vincent Stearns, Corporation Counsel,* for defendant.

Coyne, J. Defendant moves under subdivision 5 of rule 106 of the Rules of Civil Practice to dismiss the " Third " and " Fourth " causes of action alleged in the amended complaint upon the ground that the same fail to state facts sufficient to constitute a cause of action. The complaint contains four causes of action, the " First " and " Second " being to recover damages for personal injuries, and the " Third " and " Fourth " being statutory causes of action for wrongful acts resulting in death. The present motion, directed to the latter two causes of action, is based upon the contention that no notice of claim was ever filed in connection with these causes of action, as required by section 114-a of the Charter of the City of Beacon (L. 1913, ch. 539, as amd. by L. 1920, ch. 171).

The accident occurred on November 9, 1939, and a notice of claim to recover damages for personal injuries was timely filed on December 6, 1939. Thereafter, on September 7, 1943, plaintiff's intestate died. On February 23, 1944, limited letters of

administration upon the estate of decedent were duly granted and issued to Alice MacDonald, the present plaintiff, by the Surrogate of Dutchess County, with authority to prosecute the causes of action for alleged wrongful death. Concededly, no notice of claim was ever filed by the administratrix with respect to the causes of action for wrongful death. On May 10, 1944, application was made to the court for leave to amend the complaint so as to substitute the administratrix in the place of the deceased, and to enlarge the complaint to the extent of including the " Third " and " Fourth " causes of action for wrongful death. The motion to amend was granted, with leave to move as to the amended complaint.

The question to be determined is whether the notice of claim filed on December 6, 1939, in the original action for personal injuries is sufficient to cover and include the causes of action for wrongful death which accrued subsequently.

The " Third " and " Fourth " causes of action are purely the creation of statute. (*Werra* v. *Cassedy*, 229 App. Div. 590; *Taynton* v. *Vollmer*, 242 App. Div. 854, revg. 151 Misc. 214; *Liberty Mutual Ins. Co.* v. *Mueller*, 154 Misc. 718; *Greco* v. *Kresge Co.*, 277 N. Y. 26, 115 A. L. R. 1020; *Matter of Weinstein*, 153 Misc. 279; *Matter of Rademaker*, 166 Misc. 201.) It has been uniformly held that a cause of action to recover damages for wrongful death accrues only upon the appointment of a legal representative. (*Crapo* v. *City of Syracuse*, 183 N. Y. 395; *Sweet* v. *City of Little Falls*, 10 N. Y. S. 2d 90, 92; *Blauvelt* v. *State of New York*, 160 Misc. 319, affd. 250 App. Div. 834; *Panunzio* v. *State of New York*, 176 Misc. 290; *Miller* v. *State of New York*, 148 Misc. 184.) Such a cause of action does not accrue until there is someone in existence capable of bringing and maintaining the action. (*Barnes* v. *City of Brooklyn*, 22 App. Div. 520.) " It is very obvious that inasmuch as no one can bring such an action except a personal representative of the decedent the notice must come from him, and of course he cannot give any such notice until his appointment " (*Crapo* v. *City of Syracuse, supra*, p. 400).

The notice of claim filed in the year 1939 for $10,000 related to the claim then in existence, namely, for personal injuries. Such a notice cannot be extended to cover and include a cause or causes of action accruing some four years later, which causes of action seek additional damages in the sum of $75,000 for wrongful death.

The purpose of statutory and charter provisions requiring notice or statement of claim as a condition precedent to insti-

tuting suit against a municipality is to give the authoriti. s prompt notice of the nature of the claim and surrounding circumstances and afford them an opportunity to investigate the same before conditions have been materially changed. Where proper notice is not given, the municipality is seriously prejudiced. It has been deprived of a substantial right accorded by the Legislature. The causes of action attacked on this motion accrued upon the appointment of the administratrix, and she was obligated under the charter provision to file an additional notice of claim with respect to the causes of action for wrongful death within the prescribed time. As stated, no such notice of claim was ever filed; consequently none can be pleaded and proven. The "Third" and "Fourth" causes of action are insufficient under rule 106 of the Rules of Civil Practice and must be dismissed. Motion granted. Submit order.