In the Matter of PAUL F. HACKLING, as Administrator of the Estate of CYNTHIA A. HACKLING, Deceased, Petitioner, against BOARD OF EDUCATION OF THE VESTAL SCHOOL DISTRICT No. 1, Respondent.

Supreme Court, Special Term, Broome County, May 2, 1946.

*Harold S. Taylor* and *Edward F. Ronan* for petitioner.

*Keenan, Harrison & Coughlin* for respondent.

DEYO, J. On September 5, 1945, Cynthia Ann Hackling, an infant, sustained injuries as a result of which she died shortly thereafter. On November 21, 1945, a hearing was had, at which it is alleged facts were brought out indicating that a cause of action existed against the Board of Education. Limited letters of administration were issued upon the decedent's estate November 23, 1945, and on the next day the proposed notice of claim and notice of this motion were served. Two causes of action are alleged, one for pain and suffering, brought pur-

suant to section 119 of the Decedent Estate Law, and one for wrongful death, pursuant to section 130 of the same Law.

This is, of course, the type of case where a notice of claim is required as a condition precedent to the commencement of the action, and hence, comes within the purview of section 50-e of the General Municipal Law, which became effective September 1, 1945 (L. 1945, ch. 694). Subdivision 1 of that statute requires that such notice shall be given " within sixty days after the claim arises." The cause of action for pain and suffering is but a continuation after death of the cause of action which belonged to the deceased. Not only was the deceased an infant but she also died " before the expiration of the time limited for service of the notice," and hence, under the specific direction of subdivision 5 of section 50-e, the court may grant additional time within which the notice may be served as to this cause of action.

It may well be argued that the Legislature intended to vest the court with like discretion in respect to any derivative action arising out of the death of an injured person, but whether that be so or not, the cause of action for wrongful death is not barred by the section under the facts of the instant case. This cause of action belongs to the estate of the decedent, and as has been uniformly held, accrued only upon the appointment of a legal representative capable of asserting it, and the time limit cannot be set in motion until such appointment has become a fact. (*Crapo* v. *City of Syracuse,* 183 N. Y. 395; *MacDonald* v. *City of Beacon,* 183 Misc. 1068, 1069, revd. on other grounds 269 App. Div. 754, motion for leave to appeal dismissed 294 N. Y. 844; *Panunzio* v. *State of New York,* 176 Misc. 290, 291; *Torrey* v. *State of New York,* 175 Misc. 259, 263, revd. on other grounds 266 App. Div. 900.) Since in the instant case such legal representative was not appointed until November 23, 1945, the time within which the claim could be presented did not commence to run until that date. The attempt to file was made the very next day. This constituted a complete compliance with the section, and the notice should have been accepted.

The motion will be granted, with $10 costs to the petitioner, and an order may be submitted permitting the petitioner to serve, and directing the Board of Education to accept the proposed notice of claim within five days after the date of said order.