FRANCIS J. MULLIGAN, as Administrator of the Estate of THOMAS P. DINES, Deceased, Respondent, *v.* CITY OF NEW YORK, Appellant.

First Department, December 12, 1947.

*Fred Iscol* of counsel (*Seymour B. Quel* with him on the brief; *Charles E. Murphy, Corporation Counsel,* attorney), for appellant.

*Herbert A. Kaiden* of counsel (*Richard M. Cantor,* attorney), for respondent.

*Per Curiam.* Plaintiff, the public administrator, sues the defendant city on two causes of action, one for the wrongful death of one Dines, the other for conscious pain and suffering of Dines before his death, resulting from a fire and collapse of a building allegedly attributable to defendant's negligence. The required notice of claim under section 50-e of the General Municipal Law was not given within sixty days after the happening of the accident or within sixty days after the appointment of plaintiff as administrator of the estate of Dines, but was given pursuant to leave granted by Special Term upon the application of plaintiff made approximately four months after his appointment.

The only exceptions in the statute to the strict requirement of giving notice within the statutory period are where the claimant is an infant or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as required, or where a person entitled to make a claim dies before the expiration of the time limited for service of the notice, in which events the court in its discretion may grant leave to serve the notice within a reasonable time after the expiration of the time specified. (§ 50-e, subd. 5.) It is apparent that the death claim does not fall within any of the exceptions. It is not a claim which decedent was entitled to make, but is a claim arising upon his death and accruing in the first instance to the administrator. It is not permissible under the statute, therefore, to extend the time within which an administrator may give notice of a death claim.

The cause of action for conscious pain and suffering falls within the exception of a person being entitled to make a claim dying before the expiration of the time limited for service of the notice. There appears in this case, however, no reason why a longer period should be allowed for asserting that claim than for asserting the death claim.

The order appealed from should be reversed, with $20 costs and disbursements to the appellant and the motion denied.

PECK, P. J., DORE, COHN and CALLAHAN, JJ., concur; SHIENTAG, J., concurs in the result.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion denied. Settle order on notice.