In the Matter of SIDNEY RAYMOND, as Administrator of the Estate of ROSE RAYMAN, Deceased, Petitioner, against CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, Kings County, March 17, 1949.

*William J. Sparago* for administrator, petitioner.

*John P. McGrath, Corporation Counsel (George P. Hennessy* of counsel), for respondent.

BELDOCK, J. Motion under subdivision 5 of section 50-e of the General Municipal Law by an administrator for leave to serve a notice of claim after the expiration of the statutory period of sixty days.

The deceased, Rose Rayman, was admitted as a patient in the Cumberland Hospital on December 5, 1948. It is claimed that on December 10, 1948, the decedent fell from a bed in the hospital

to the floor, sustaining severe personal injuries as a result of which she died six days thereafter. Limited letters of administration were issued on February 11, 1949, and the personal representative now seeks to file a claim, not only for wrongful death but also for personal injuries sustained by the deceased. The time to file a claim for wrongful death has not yet expired and will not expire until sixty days have elapsed from the date of the issuance of the letters of administration. Accordingly, no permission is necessary with respect to such claim.

As to the claim for personal injuries the sixty-day period prescribed by section 50-e of the General Municipal Law within which to serve the notice of claim expired on February 8, 1949. The affidavit for leave to serve the proposed notice of claim was sworn to on February 24, 1949, was served on the corporation counsel on February 25, 1949, and was made returnable in Special Term on March 10, 1949. It is contended by the city in opposition to this motion that the moving papers do not disclose that the decedent was so physically disabled after the accident and prior to the time of her death so as to prevent her from filing a notice of claim. I find that such contention is without merit. Subdivision 5 of section 50-e permits the service of a notice of claim where the person entitled to make the claim dies before the expiration of the sixty-day period, provided that such application be made within a reasonable time thereafter, upon proof by affidavit showing the particular facts which caused the delay.

In the instant application, the facts which caused the delay are clearly explained by the reply affidavit to which is attached a photostatic copy of the hospital report. The reply affidavit indicates that the family of the decedent was not aware of the happening of this accident until a copy of the medical examiner's report was obtained and that after receiving such report it was necessary to make an investigation of the facts concerning the happening thereof. It appears from a photostat copy of the hospital record that the deceased was confined therein in a condition of extreme disability from the time of the accident to the date of death, six days thereafter. It also appears that the " patient fell from the right side of her bed to the floor of Ward 31, at 2:15 A.M. on 12/10/48, striking her head against the 02 tank which was standing at the head of the bed," as a result of which she sustained a right-sided paresis and large hematoma over the right side of the skull. The report of the house physician concludes " that the above paresis and hema-

tomas were not present on admission. These developed a few hours following her fall from her bed.''

The circumstances here present indicate that it would be a reasonable exercise of this court's discretion to grant the relief prayed for. The failure, therefore, to serve a notice of claim for conscious pain and suffering within the sixty-day period is clearly understandable and excusable in view of all these facts.

Matter of Mulligan v. County of Westchester (272 App. Div. 927 [2d Dept.]), cited by the corporation counsel, does not support his position. There the Appellate Division distinctly held that since decedent died before the expiration of the time limited for service of the notice, the court was empowered in its discretion to grant leave to serve a notice of claim with respect to conscious pain and suffering within a reasonable time after the expiration of the sixty-day period. On this point see, also, Mulligan v. City of New York (273 App. Div. 152), where the Appellate Division, First Department, also held that a cause of action for conscious pain and suffering falls within the exception of the statute which allows the court within its discretion to extend the time for the service of a notice of claim where the person entitled to make such claim dies before the expiration of the time limited for such service.

While it is true that in Mulligan v. City of New York (supra) the Appellate Division reversed Special Term which granted leave to file such notice of claim for conscious pain and suffering and for wrongful death (the latter of which is not here involved), the reversal was based upon the ground that the application for leave to make such service was made four months after the appointment of the administrator. In this matter, the application is made only two weeks after the expiration of the sixty-day period. A case directly in point is Matter of Hackling v. Board of Education of Vestal School Dist. (187 Misc. 52). In that case, decedent sustained personal injuries on September 5, 1945, as a result of which she died shortly thereafter. Limited letters of administration were issued upon the decedent's estate on November 23, 1945. On November 24th, the proposed notice of claim and notice of motion were served.

The court, in addition to holding that the notice of claim with respect to wrongful death was timely served, granted additional time under subdivision 5 of section 50-e, to serve a notice of claim as to the cause of action for conscious pain and suffering. It is to be noted that in Matter of Hackling v. Board of Education of Vestal School Dist. (supra) the notice

of claim with respect to the cause of action for conscious pain and suffering was served nineteen days after the expiration date. Here, as already indicated, application to serve such proposed notice of claim was served on the corporation counsel on February 25, 1949, seventeen days after such expiration period.

Accordingly, the motion is granted and the petitioner is authorized to serve a notice of claim within ten days from the date of entry of an order hereon. Settle order on notice.