KATIE MEHRER, as Administratrix of the Estate of FRANK MEHRER, Deceased, Plaintiff, *v.* NORTH NINTH LUMBER CO., INC., et al., Defendants.

Supreme Court, Special Term, Kings County, June 13, 1949.

*Joseph C. Victor* for plaintiff.

*Thomas P. Curtin* for Sadie Rosenwach, defendant.

*Alexander Teitler* for Abraham Goldstein, defendant.

*Feltenstein & Rosenstein* for North Ninth Lumber Co., Inc., and others, defendants.

WALSH, J. (Three motions.) Defendants move pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that the causes of action alleged therein did not accrue within the time limited by law for the commencement of such action.

Plaintiff in the present action seeks damages for the alleged wrongful death of her husband, who was killed when one of the walls collapsed on a demolition job. Plaintiff's intestate at the time was an employee of the Parkside Wrecking Company which had been engaged by the defendants, Sadie, Julius and Jacob Rosenwach, to do the demolition work.

Plaintiff was appointed administratrix for the purpose of instituting this action under section 130 of the Decedent Estate Law on April 19, 1949. Service of the summons and complaint upon Julius and Jacob Rosenwach and North Ninth Lumber Co., Inc., was effected on May 3, 1949. Sadie Rosenwach and Abraham Goldstein were served on May 4 and 5, 1949, respectively.

Prior to the commencement of this action, and on July 27, 1945, defendants Julius and Jacob Rosenwach and North Ninth Lumber Co., Inc., were served with a summons and complaint in an action by plaintiff founded upon the identical cause of action which plaintiff now alleges for a first cause of action.

The prior action was dismissed on May 2, 1949, upon the ground that plaintiff had not been appointed administratrix prior to its commencement.

It will be observed that the defendants, Sadie Rosenwach and Abraham Goldstein, were not parties to the original action and that as to them the present action has been commenced more than four years after the date of the decedent's death. Under such circumstances, the two-year Statute of Limitations applies and the action should, therefore, be dismissed as to these defendants (*Leun* v. *Brimmer,* 203 App. Div. 643; *Cohen* v. *Steigman,* 249 App. Div. 819; *Mossip* v. *Clement & Co.,* 256 App. Div. 469, affd. 283 N. Y. 554; *Lundberg* v. *Robins Dry Dock & Repair Co.,* 261 App. Div. 907). In *Cohen* v. *Steigman, supra,* the court stated: "The action was not commenced within two years after decedent's death, as provided in section 130 of the Decedent Estate Law. The time to begin the action commenced to run from the date of death and not the date of appointment of the legal representative. (*Leun* v. *Brimmer,* 203 App. Div. 643; *Werra* v. *Cassedy,* 229 id. 590.)"

Plaintiff's contention that *Matter of Mulligan* v. *County of Westchester* (272 App. Div. 927) is controlling upon the facts here is not sound. The *Mulligan* case (*supra*) is readily distinguishable since it involved an application for leave to serve a notice of claim under section 50-e of the General Municipal Law. In *Lundberg* v. *Robins Dry Dock & Repair Co.* (*supra*) the Appellate Division, Second Department, specifically points out that *Crapo* v. *City of Syracuse* (183 N. Y. 395), which is the basis for the holding in the *Mulligan* case, is *sui generis* and has no relation to the provisions of section 130 of the Decedent Estate Law. In the *Lundberg* case, the court stated: "The ground of dismissal is that the action is barred by the two-year limitation prescribed in section 130 of the Decedent Estate Law (Consol. Laws, chap. 13). Order and judgment unanimously affirmed, with ten dollars costs and disbursements, on the authority of *Mossip* v. *Clement & Co.* (256 App. Div. 469; affd., without opinion, 283 N. Y. 554). The authorities upon which appellant relies, typical of which is *Crapo* v. *City of Syracuse* (183 N. Y. 395), are *sui generis,* having no relation to the provisions of Decedent Estate Law, section 130, here involved, or to predecessor statutes."

The motion to dismiss the complaint is denied, however, as to the remaining defendants. As pointed out above, the first cause of action of the present complaint is the same as in the prior action brought against these defendants and seeks to

recover damages upon the same theory. The previous action was not dismissed on the merits and section 23 of the Civil Practice Act, therefore, applies. The cause of action is saved although more than two years have elapsed since the date of the decedent's death (*Gibbons* v. *City of New York,* 295 N. Y. 982 [memorandum]). Later in the same case (196 Misc. 89), Mr. Justice BOTEIN explains the memorandum decision of the Court of Appeals, which involved an action brought under section 130 of the Decedent Estate Law. Justice BOTEIN holds that the effect of the Court of Appeals decision is that a new action may be brought under the provisions of section 23 of the Civil Practice Act where the previous action was dismissed because an administrator had not been appointed prior to its commencement. Exactly the same situation is presented here and this court adopts the law in that case.

Motion of the defendants Julius and Jacob Rosenwach and North Ninth Lumber Co., Inc., to dismiss the complaint pursuant to rule 107 of the Rules of Civil Practice is denied. The motion of the defendants Sadie Rosenwach and Abraham Goldstein is granted. Settle order.