■ SERAFINA PRESTIA, as Administratrix of the Estate of VINCENT PRESTIA, Deceased, et al., Respondents, v LENOX HILL HOSPITAL et al., Appellants, et al., Defendants.—In a medical malpractice action to recover damages for wrongful death, the appeals, as limited by appellants' briefs, are from so much of an order of the Supreme Court, Kings County, dated April 20, 1977, as denied the motions of (1) defendants Lenox Hill Hospital, James, Moynahan and Abramowitz and (2) defendants Cucci, Missier and Fischer for summary judgment and directed that a separate trial be had on the issues of law and fact arising out of the defense of the Statute of Limitations pleaded in the respective answers. Order reversed insofar as

appealed from, on the law, with one bill of $50 costs and disbursements jointly to appellants appearing separately and filing separate briefs, and motions granted. The infant decedent died on November 25, 1970 after undergoing open heart surgery the day before. Prior to the commencement of this action, the hospital, on March 17, 1972, initiated a suit against the decedent's father for payment of the reasonable value of the hospital's services. On June 7, 1972 the father interposed an answer consisting of a general denial. Thereafter, the hospital moved for summary judgment. The father, in his affidavit in opposition to the motion, stated that he had defenses based on the malpractice and negligence of the hospital and its employees. He also informed the hospital that an action for wrongful death would soon be brought by decedent's administratrix. The motion for summary judgment was denied and, thereafter, the hospital voluntarily discontinued its action against the father. This action for wrongful death was commenced in late October and early November, 1973, more than two years after the infant's death, by service of a summons and complaint upon the hospital and the various doctors involved in the treatment of the decedent. The appellants interposed answers containing defenses based upon the two-year Statute of Limitations in wrongful death actions (see EPTL 5-4.1) and moved for summary judgment thereon. Plaintiffs opposed the motions on the ground that the prior action brought by the hospital against the father to recover for services rendered to the infant decedent tolled the running of the Statute of Limitations against the hospital, as well as against the doctors, who are alleged to be united in interest with the hospital (see CPLR 203). However, plaintiffs' reliance on CPLR 203 is misplaced. CPLR 203 (subd [d]) reads: "Effect upon defense or counterclaim of termination of action because of death or by dismissal or voluntary discontinuance. Where a defendant has served an answer containing a defense or counterclaim and the action is terminated because of the plaintiff's death or by dismissal or voluntary discontinuance, the time which elapsed between the commencement and termination of the action is not a part of the time within which an action must be commenced to recover upon the claim in the defense or counterclaim or the time within which the defense or counterclaim may be interposed in another action brought by the plaintiff or his successor in interest." The provision only protects those persons who were parties to the first action. "No protection is given to a defendant who did not assert the defense or counterclaim in the first suit" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 203:10, p 120). Since decedent's administratrix was not a defendant in the prior action, she cannot avail herself of the protective provisions of CPLR 203 (subd [d]). Moreover, the record reveals that the father merely interposed a general denial in the prior action and did not assert the statutorily required "defense or counterclaim" sounding in negligence or malpractice. Finally, the Statute of Limitations cannot be tolled as against the doctors individually, because they were not named as parties in the prior lawsuit (see CPLR 203, subd [b]; *McCabe v Queensboro Farm Prods.*, 15 AD2d 553, affd 11 NY2d 963). Martuscello, J. P., Titone and Gulotta, JJ., concur; Hawkins, J., concurs insofar as the majority has granted summary judgment to the individual defendants, but otherwise dissents and votes to affirm the denial of summary judgment in favor of the defendant hospital, with the following memorandum: The claims for wrongful death against the individual doctors cannot be sustained. Although they may have been united in interest with the hospital, the statute was not tolled with respect to their alleged acts and omissions because they were not named as parties in the prior action (see

CPLR 203, subd [b]; *McCabe v Queensboro Farm Prods.,* 15 AD2d 553, affd 11 NY2d 963; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 203:3, p 115). CPLR 203 (subd [d]) provides: "Effect upon defense or counterclaim of termination of action because of death or by dismissal or voluntary discontinuance. Where a defendant has served an answer containing a defense or counterclaim and the action is terminated because of the plaintiff's death or by dismissal or voluntary discontinuance, the time which elapsed between the commencement and termination of the action is not a part of the time within which an action must be commenced to recover upon the claim in the defense or counterclaim or the time within which the defense or counterclaim may be interposed in another action brought by the plaintiff or his successor in interest." The father served a general denial in the prior action in the Civil Court of the City of New York; no mention was made therein of any claim of negligence or malpractice resulting in the death of the child. However, the affidavits submitted in opposition to the hospital's motion for summary judgment in the prior action clearly indicated that the father of the decedent intended to raise the question of malpractice as a defense to that action. In addition, he informed the hospital that decedent's mother, who had recently been appointed administratrix of her son's estate, intended to bring an action for wrongful death in the proper forum. Those papers put the hospital on notice with respect to such a claim. The salient determinative consideration in preserving claims under CPLR 203 is that the litigant receive timely notice of the asserted claim. (Cf. *Mogavero v Stony Creek Dev. Corp.,* 53 AD2d 1021, 1022; *Vastola v Maer,* 48 AD2d 561, affd 39 NY2d 1019; *Mehrer v North Ninth Lbr. Co.,* 195 Misc 566, affd 275 App Div 1059.) The fact that notice of the claim or defense was received from decedent's father rather than his administratrix is not fatal. CPLR 203 (subd [d]) does not require that an action based on a defense asserted in a prior action be brought by the party who asserted the defense. Accordingly, the motion for summary judgment as to the hospital should be denied.