John D. Bennett, S.
This is a proceeding to compromise a cause of action for wrongful death of the decedent.
The administrator entered into an agreement with the attorneys herein to prosecute the action for wrongful death, said agreement being pursuant to schedule (A) of paragraph (b) of subdivision (5) of rule 4 of the Special Rules Regulating Conduct of Attorneys (Appellate Division, First Department). The special guardian has objected to the amount of this fee, as it pertains to the shares of the infants, as excessive, on the ground that the agreement of the administrator is not binding on the infants, and recommends that the fee to be paid out of *610 the infants’ shares be reduced to 33%% of the recovery on their behalf.
The attorneys for the administrator contend that the agreement under the Special Rules Regulating Conduct of Attorneys (Appellate Division, First Department) should determine the fee with regard to the infants as well as the administrator, and that this court should not alter this agreement.
It has been the policy of this court in rendering decisions in the compromise of wrongful death and personal injury actions where infants are involved, to carefully scrutinize the services rendered by the attorneys representing the infants, and to fix the amount of the compensation payable to the attorneys out of the infants’ shares based upon the facts and circumstances before the court. The fee in each case has been determined upon the facts of that particular case. The court has exercised its discretion in an attempt to arrive at an amount representing a fair and reasonable fee for the attorney for the services he has performed, taking into consideration the fact that these services are rendered for the benefit of an infant or infants. There is no general rule which would indicate the percentage in advance which the court will determine in a particular case, since the facts and circumstances vary in each instance. The court has based this policy upon section 133 of the Decedent Estate Law, and rule 294 of the Rules of Civil Practice. Matter of Williams (116 N. Y. S. 2d 82) and Matter of Meng (227 N. Y. 264) serve to illustrate a similar policy followed in other courts.
Paragraph (f) of subdivision (5) of rule 4 of the Special Rules Regulating Conduct of Attorneys (Appellate Division, First Department) states as follows: “ Nothing contained in subdivision (5) of this rule shall be deemed applicable to the fixing of compensation for attorneys representing infants or other persons, where the statutes or rules provide for the fixation of such compensation by the court.”
Subdivision (a) of rule 6 of the Special Rules Regulating Conduct of Attorneys (Appellate Division, First Department) provides : 1 ‘ An application for the approval by the court of a settlement of a claim or cause of action belonging to an infant must be made as provided in Rule 294 of the Rules of Civil Practice.”
Accordingly, this court is of the opinion that the Appellate Division, First Department, did not alter the existing procedure with respect to the fixing of the fee of an attorney to be paid out of an infant’s share in an action by a fiduciary for wrongful death of a decedent by the establishment of the Special Rules *611 Regulating Conduct of Attorneys (Appellate Division, First Department).
The attorneys’ fee in the present case, with respect to the shares of the infants, is allowed in the amount of 33%%.
The special guardian and the attorneys for the administrator have submitted different methods of determining the distribution of the proceeds of the settlement. The method suggested by the attorneys for the administrator is correct and the proceeds should be distributed accordingly.
The compromise of the action for wrongful death is approved in the amount of $25,000. The petitioner is directed to pay from the proceeds of the settlement the following items:
Í. To his attorneys for their disbursements, $359.25 ($300 of this sum was advanced to the attorneys by petitioner and should be returned to him by them);
2. To the attorneys in full payment of their fee, $8,651.47;
3. To the special guardian for his fee, $250;
4. To the petitioner as reimbursement for funeral expenses paid by him, $2,000.
The court finds that the net balance of $13,739.28 should be apportioned between the petitioner and the infant children according to their respective pecuniary losses, as follows:
1. To petitioner, Howard Dietsche, $5,627.61 (40.96%);
2. To Meggen Dietsche, an infant, $4,424.05 (32.20%);
3. To Eric Dietsche, an infant, $3,687.62 (26.84%). Distribution to the infants is to be made in accordance with section 271 of the Surrogate’s Court Act.
The decree submitted will be amended to conform with the provisions of this decision and as so amended will be signed.