In the Matter of the Estate of AARON LERNER, Deceased.

Surrogate's Court, Kings County, February 14, 1967.

*I. Arthur Willig,* as coexecutor, in person. *August J. Mick* for executors. *Louis J. Lefkowitz, Attorney-General,* for ultimate charitable beneficiaries.

JAMES S. BROWN, JR., J. The issues arising in this accounting proceeding were referred to a Referee to hear and report. The attorneys for the executors have moved for an order modifying the Referee's report as to the allowance recommended for legal services rendered to the executors. The attorneys contend that inasmuch as they obtained receipts and releases from all of the legatees consenting to the $12,500 requested by them for legal services, the full amount should be allowed by the court. The

Attorney-General of the State of New York has cross-moved for an order confirming the Referee's report wherein the Referee recommends an allowance of $5,500 for all legal services rendered by the attorneys.

The papers submitted by the attorneys, as well as the testimony given by them before the Referee, contain misleading, contradictory statements of fact and grossly exaggerated estimates of the time consumed in performing the legal services. Except for the large number of legatees, no unusual or extraordinary difficulty was presented in this estate. As an illustration, the attorneys claim 140½ hours spent in preparing 37 releases and receipts for which they seek $3,450, and 135 hours to settle the claim of a creditor of the estate for which they seek $3,750. The releases were prepared on printed forms. The fact that one of the attorneys prepared similar duplicate releases on legal cap does not add to the value of such services.

The court retains the power to fix the reasonable compensation of attorneys regardless of the agreement made by the fiduciary or legatees (Matter of Meng, 227 N. Y. 264, 269). In the instant matter the evidence establishes that some of the consenting persons are residuary charities who understood that the amount requested by the attorneys was subject to ultimate approval of the court. Their consent is not binding upon the charities or the court (Surrogate's Ct. Act, § 231-a).

The Attorney-General is a necessary and proper party to this proceeding in order to protect the interests of the charities (Personal Property Law, § 12; Matter of Dazian, 167 Misc. 151, 154, affd. 255 App. Div. 951; Matter of Lachat, 184 Misc. 486, 490, 492). The motion to modify the Referee's report is denied. The cross motion to confirm the said report is in all respects granted.

The executors are directed to bring their account up-to-date to reflect any refund of improper payments made by them on account of taxes. The estate shall be credited with the amount of $3,500 received by the attorneys on account of legal services as allowed.