**In re ESTATE OF Russell PETZOLD, Deceased.**

**Anthony B. RAMIREZ, Appellant,**

v.

**Don FISHER, Respondent.**

**No. 46757.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 27, 1983.

Anthony B. Ramirez, Leigh Hunt Greenhaw, Clayton, for appellant.

George R. Ripplinger, Jr., Clayton, Don Fisher, St. Louis, for respondent.

REINHARD, Judge.

Appellant, the attorney for the executor, challenges the amount of attorney's fees allowed by the judge of the probate division of the Circuit Court. The fees allowed were lower than that requested by the appellant and consented to by all legatees and the executor.

The testator, Russell Petzold, was survived by three heirs, his sisters: Gladys Buffard, Myrtle Steffel and Dorothy Lind, each of whom was bequeathed thirty percent of his estate. He was also survived by a non-heir, his niece, who was named to receive the remaining ten percent of the estate. In his will, the testator also named Don Fisher, an attorney, as his executor. However, during the administration of the estate, Fisher's health deteriorated; Buffard, Steffel and Lind therefore petitioned for removal of Fisher as executor. At the same time, appellant entered his appearance as attorney for executor. The removal petition was dismissed by petitioners; however, the appellant, for all intents and purposes, proceeded to handle the duties of both the attorney and executor of the estate.

In his petition to the court for compensation, appellant recognized that the statutory minimum compensation in this matter approximated $1500.00, but alleged that this amount was neither adequate nor reasonable in view of the time expended and work accomplished. Rather, he contended that $6800.00 was reasonable, and petitioned the court for a fee allowance of that amount. Moreover, appellant attached to his petition a detailed accounting of time spent to support his request.

Also filed with the court were statements signed by the executor and each legatee consenting to the allowance of $6800.00 as attorney's fees.[1]

The consent statement signed by each legatee states:

---

1. For his services as executor, appellant agreed to accept $600.00, even though he was statutorily allowed $1500.00 for the non-attorney duties he performed. Section 473.153 RSMo Supp.1981. All legatees also consented to this fee in writing.

[W]e have received a copy of the Petition for Attorney's Compensation ... which requests that an attorney's compensation of SIX THOUSAND EIGHT HUNDRED DOLLARS ($6800.00) be allowed to [appellant] and which also includes a statement that the statutory minimum compensation is approximately ONE THOUSAND FIVE HUNDRED DOLLARS ($1500.00). We hereby consent to an Order of the Court allowing Anthony B. Ramirez an attorney's compensation in the sum of SIX THOUSAND EIGHT HUNDRED DOLLARS ($6800.00)

The consent of Buffard, Steffel and Lind, furthermore, was signed by their personal attorney.

A hearing was held on the matter of attorney fees, which none of the legatees attended although notified. The testimony of appellant clearly established that the estate was solvent, the period for filing creditor claims had passed, and that there was sufficient funds to pay taxes and still have a substantial estate for the distributees if appellant's requested fee was allowed.

The court, ignoring the consent of the legatees, allowed an attorney's fee of $5000.00. In doing so, the court stated that it felt that a portion of the 81 hours of documented service involved administrative, rather than strictly legal duties.[2]

The statutory provisions governing fees to an administrator or executor, and the employment of an attorney and his fees, are set forth in §§ 473.153 and 473.155 RSMo Supp.1981. Regarding attorney's fees, § 473.155, which applies to cases arising in the City of St. Louis, provides in pertinent part:

 1. In all counties of the first class and St. Louis city, other provisions of law

notwithstanding, attorneys performing services for the estate at the instance of the personal representative shall be allowed out of the estate as the minimum compensation for their services sums equal to the percentages set forth in the schedule contained in subsection 1 of section 473.153. In any case where reasonable compensation to the attorneys is in excess of the minimum provided in the schedule the court shall allow such additional compensation as will make the compensation of the attorneys reasonable and adequate. Performance by the attorneys of extraordinary services is not necessary to entitle them to such additional compensation.

 2. If the personal representative is an attorney, no allowance shall be made for legal services performed by him or at his instance unless such services are authorized by the will or by order of the court or are consented to by all heirs and devisees whose rights may be adversely affected by the allowance. In addition, when one member of a law firm or professional corporation serves as personal representative of the estate and another member of the same law firm or professional corporation serves as the attorney for the estate, only one fee as set forth in subsection 1 of section 473.153 shall be allowed.

The fee schedule applied to attorneys is that set forth in § 473.153 and applicable to executors and administrators:

 1. If a testator by will makes provision for the compensation of his personal representative, that shall be allowed and taken as his full compensation unless he files in the court a written instrument renouncing all claim for the compensation

---

2. On this matter, the court's order states as follows:

> The claim for compensation, for 81 hours legal services embraces numerous administrative duties, such as file organization; payment of bills; trips to the bank; trips (34) to visit ailing executor; trips (20) to court; correspondence (95 letters written) to insurance companies, relator, heirs and others; telephone (55) calls; and the showing of the real estate to prospective buyers, while important

> to the administration, consumed more than one-half of the time expended thus far and are not compensable by fees at professional rates ....

While we agree that some of these duties should have been performed by a non-lawyer executor, it appears to us that many duties considered non-professional by the court are clearly those that would be rendered by competent counsel for the executor.

provided by the will before qualifying as personal representative. When no compensation is provided in the will, or when the personal representative renounces all claim to the compensation provided in the will, the compensation of the personal representative shall be determined pursuant to this section. When there is only one personal representative he shall be allowed as the minimum compensation for his services the following percentages of the value of the personal property administered and of the proceeds of all real property sold under order of the probate court:

| | | |
|---|---|---|
| On the first | $5,000, | 5 percent; |
| On the next | 20,000, | 4 percent; |
| On the next | 75,000, | 3 percent; |
| On the next | 300,000, | 2¾ percent; |
| On the next | 600,000, | 2½ percent; |
| On all over | 1,000,000, | 2 percent. |

In any case where reasonable compensation to the personal representative is in excess of the minimum provided in the above schedule, the court shall allow such additional compensation as will make the compensation of the personal representative reasonable and adequate. Performance by the personal representative of extraordinary services is not necessary to entitle him to such additional compensation.

We recognize that the appellate court will only disturb an allowance for attorney's fees in an estate where there is an abuse of discretion. *See In re Estate of Bacheller*, 437 S.W.2d 132, 134 (Mo.App.1968). In the present case, however, we are presented with the issue of the effect of a consent by the sole distributees of a solvent estate to a fee greater than the statutory minimum. It appears that judicial views on this issue reach both ends of the spectrum—from those which view the court as not bound by such an agreement or consent, *In re Lerner's Estate*, 52 Misc.2d 967, 277 N.Y.S.2d 594, 595 (Sur.Ct.1967), to those which view whatever the heirs agree upon as no concern to anyone else, where no rights of creditors are involved. *See In re Schrop-*

*fer's Estate*, 225 Iowa 576, 281 N.W. 139, 143 (1938).

We can perceive of no reason for a court to disturb an allowance to either an executor or attorney consented or agreed to by *competent adult* legatees of a solvent estate, absent some evidence of unfairness, undue influence, concealment or fraud.[3] Our position is not contrary to § 473.155, but rather is supported by the statute. It provides "If the personal representative is an attorney, no allowance shall be made for legal services performed by him or at his instance unless such services are authorized by the will or by order of the court or *are consented to by all heirs or devisees whose rights may be seriously affected by the allowance.*" If the heirs' or devisees' consent is sufficient to permit employment of an attorney without court approval, why can they not consent to the amount of his fee and thereby bind the court?

In this case, we find that there was no evidence of unfairness, undue influence, concealment or fraud. In fact, in the present case, the petition clearly set forth the statutory minimum fee and the amount requested; the consent statement signed by the legatees reiterated the statutory and requested amounts. Furthermore, the attorney for three of the legatees signed the consent statement, indicating that they had received independent legal advice before consenting to a higher fee.

Rather than being the product of unfairness, undue influence or fraud, it is clear to us that the legatees consented with full knowledge of their action. They authorized the higher fee because they recognized that appellant had entered this estate at a difficult time; had been primarily responsible for discovering assets which enhanced the estate, and had disposed of assets so that the estate could be brought to a close.

Here, the failure of the court to allow an attorney's fee in the amount of $6800.00 in accordance with the consent statements

---

**3.** Obviously, a fiduciary could not make such an agreement on behalf of the legatees. However, here, it is those who will take under the will, and thus be directly affected by the fee, who have agreed to an amount above that statutorily allowed.

constituted an abuse of discretion. The judgment of the trial court is reversed and the court is directed to enter an order for attorney's fees in the amount of $6800.00.

KAROHL, P.J., and CRANDALL, J., concur.